Daniel J. O'Rielly (State Bar No. 214846)
Anne M. Hunter (State Bar No. 221455)
**O'RIELLY & ROCHE LLP**
4 Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone:  (415) 952-3002
Facsimile:   (415) 520-9394

Attorneys for Defendant
GE CAPITAL RETAIL BANK

ORIGINAL FILED

AUG 23 2013

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

ADR

E-filing

CV 13-03935 PSG

| | |
|---|---|
| JOHN MARK COWAN, | Case No. _____ |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)** |
| v. | **(FEDERAL QUESTION JURISDICTION)** |
| GE CAPITAL RETAIL BANK, TRANSUNION LLC, DOES 1-10, | Santa Clara County Superior Court Case No.: 113CV247510 |
| Defendants. | |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

DISTRICT OF CALIFORNIA, SAN JOSE DIVISION, AND TO PLAINTIFF AND HIS

ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that Defendant GE CAPITAL RETAIL BANK ("Defendant")

hereby removes to this Court the state court action described below, which is presently pending in

the Superior Court of the State of California in and for the County of Santa Clara.  Defendant

---
-1-
NOTICE OF REMOVAL

1   Daniel J. O'Rielly (State Bar No. 214846)
    Anne M. Hunter (State Bar No. 221455)
2   **O'RIELLY & ROCHE LLP**
    4 Embarcadero Center, Suite 1400
3   San Francisco, California 94111
    Telephone:   (415) 952-3002
4   Facsimile:    (415) 520-9394

5   Attorneys for Defendant
    GE CAPITAL RETAIL BANK

6

7                      UNITED STATES DISTRICT COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9                          SAN JOSE DIVISION

10

11

12                                          Case No. _____

13  JOHN MARK COWAN,                        **NOTICE OF REMOVAL OF ACTION
                                            UNDER 28 U.S.C. § 1441(b)**
14            Plaintiff,
                                            **(FEDERAL QUESTION JURISDICTION)**
15

16            v.                            Santa Clara County Superior Court Case No.:
                                            113CV247510
17  GE CAPITAL RETAIL BANK, TRANSUNION
    LLC, DOES 1-10,
18
              Defendants.
19

20

21

22

23          TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

24  DISTRICT OF CALIFORNIA, SAN JOSE DIVISION, AND TO PLAINTIFF AND HIS

25  ATTORNEYS OF RECORD HEREIN:

26          PLEASE TAKE NOTICE that Defendant GE CAPITAL RETAIL BANK ("Defendant")

27  hereby removes to this Court the state court action described below, which is presently pending in

28  the Superior Court of the State of California in and for the County of Santa Clara.  Defendant

TransUnion LLC ("TransUnion") consents to the removal.  This removal is made pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  The grounds for removal of this state court action to federal court are provided below.

## I.  PROCEDURAL BACKGROUND

1.     On June 6, 2013, Plaintiff John Mark Cowan ("Plaintiff") filed a Complaint in Santa Clara County Superior Court against GE Capital Retail Bank ("GECRB").

2.     In reponse to the Complaint, on July 8, 2013, GECRB filed a Demurrer to Plaintiff's Complaint.

3.     Rather than filing an Opposition to GECRB's Demurrer, on July 31, 2013, Plaintiff filed a First Amended Complaint ("FAC") in Santa Clara County Superior Court, alleging seven causes of action against GECRB:  (1) violation of California Civil Code § 1788.17; (2) violation of California Civil Code § 1785.25(a); (3) intrusion upon seclusion; (4) negligent training and supervision; (5) negligence; (6) defamantion; and (7) violation of the Fair Credit Reporting Act, 15 U.S.C § 1681s-2(b).  Plaintiff's FAC also alleges a cause of action against Defendant TransUnion for violation of the Fair Credit Reporting Act, 15 U.S.C § 1681i(a)(1)(A), 1681i(a)(4), and 1681i(e)(b).

4.     Plaintiff served GECRB with the FAC on August 2, 2013.   TransUnion was served with the FAC on August 8, 2013.

5.     Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of all records and proceedings from the state court.

## II.   NOTICE OF REMOVAL IS TIMELY

6.     This Notice is timely filed pursuant to 28 U.S.C. §1446(b).

7.     As noted above, Defendant GECRB was served with Plaintiff's FAC on August 2, 2013, and Defendant TransUnion was served with Plaintiffs' FAC on August 8, 2013.

8.     The instant removal was filed on August 23, 2013.  Therefore, this Notice of Removal is timely because it is filed within thirty (30) days of August 2, 2013, the date on which Defendant GECRB was served with Plaintiff's FAC.

///

///

**III.    ALL DEFENDANTS CONSENT TO REMOVAL.**

Defendant TransUnion, the only named defendant in this matter other than GECRB, consents to removal.  (*See* **Exhibit B**.)

**IV.    GROUNDS FOR REMOVAL: FEDERAL QUESTION JURISDICTION**

**A.  FEDERAL QUESTION JURISDICTION**

9.    Plaintiff's state court action alleges one cause of action against GECRB, and one cause of action against TransUnion, for violations of the federal Fair Credit Reporting Act, 15 U.S.C. § 1861.  (*See* Exhibit A.)  Accordingly, this Court has original jurisdiction of this action under 28 U.S.C. § 1331 because the action is one that is founded on a claim or right "arising under the Constitution, laws, or treaties of the United States."  Thus, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a) based on federal question jurisdiction.

10.    In addition, this Court has supplemental jurisdiction over all of Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367.

**V.    REMOVAL TO THIS DISTRICT IS PROPER**

11.    Removal to this Court is proper because the Superior Court of the State of California, County of Santa Clara, where this action was originally filed, is located within this judicial district, and within the San Jose Division of this district.

**VI.    MISCELLANEOUS**

12.    Counsel for GECRB certifies that they will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Santa Clara and give notice of same to Plaintiff's counsel.

**VII.    NON-WAIVER OF DEFENSES**

13.    Defendants expressly reserve all of their defenses and deny any liability in this matter. Defendants further deny that Plaintiffs or any consumer have been injured in any way.

WHEREFORE, pursuant to 28 U.S.C. §§ 1441 and 1446(b), GECRB removes this case from the Superior Court of California for Santa Clara County to the United States District Court for the Northern District of California, San Jose Division.

Dated: August 23, 2013

Respectfully submitted,

**O'RIELLY & ROCHE LLP**

By: _____
    Daniel J. O'Rielly

Attorneys for Defendants
GE CAPITAL RETAIL BANK

# EXHIBIT A

Contact Us

# THE SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA CLARA

## Public Access Civil Case Information Website

Aug. 23, 2013

Home   » Civil Index »   Case Number Search   »   Case Number Results   » Register of Actions/Docket for Case Number 1-13-CV-247510

## Register of Actions/Docket

*Notice: The Superior Court of California, County of Santa Clara declares that information provided by and obtained from this site (**www.sccaseinfo.org**) is intended for use on a case by case basis and typically by parties of record and participants, and does not constitute the official record of the court. Any user of the information is hereby advised that it is being provided as is and that the information may be subject to error or omission. The user acknowledges and agrees that the Superior Court of California, County of Santa Clara is not liable for the accuracy or validity of the information provided.*

**Case Information**                                                                                     **Associated Cases**

|  |  |
|---|---|
| Number: | **1-13-CV-247510** |
| Title: | **J. Cowan Vs Ge Capital Retail Bank** |
| Category: | **Other Complaint - Unlimited** |
| Filed: | **6/6/2013** Disposed: **None** Status: **Open** |

Calendared Events                            **Involved Parties**                            Documents

| Type | Name | Disposition |
|---|---|---|
| Plaintiff | John Mark Cowan None | None |
|  | **Attorney:** | Ronald Wilcox Ronald Wilcox Law Office , 1900 The Alameda, Suite 530, San Jose, Ca 95126 |
|  | **Attorney:** | Ben E. Dupre Dupre Law Firm , 2005 De La Cruz Blvd, Suite 203, Santa Clara, Ca 95050 |
| Defendant | Ge Capital Retail Bank None | None |
|  | **Attorney:** | Daniel James O'Rielly O'Rielly & Roche LLP , 4 Embarcadero Center, Suite 1400, San Francisco, Ca 94111 |
| Defendant | Transunion Llc None | None |

Involved Parties                            **Calendared Events**                            Documents

| Date | Time | Dept. | Event Description | Result | | | Notice Printed | Reset | |
|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  | Description | By | Date |  | To | From |
| 10/1/2013 | 01:30PM | 09 | CV CMC-Case Management Conf | None | None | None | None | None | None |
| 8/13/2013 | 09:00AM | 09 | Demurrer | Off Calendar by Court | C | 08/13/13 | None | None | None |

Involved Parties                            **Documents**                            Calendared Events

For an explanation of the abbreviations used in the Document Description/Text columns, click here.

| Number-Sequence | Document Description | Document Text | Filed | Ruling | Date |
|---|---|---|---|---|---|
| 0010-000 | Cv Proof Of Svc Compl/Pet/Summons | | 08/21/2013 | None | 08/21/2013 |
| | **For:** John Mark Cowan / PLT<br>**Against:** Transunion Llc / DEF | | | | |
| 0009-000 | Cv Summons Filed | Click for text | 07/31/2013 | None | 07/31/2013 |
| | **For:** John Mark Cowan / PLT<br>**Against:** Transunion Llc / DEF | | | | |
| 0008-000 | Cv 1st Amended Complaint | | 07/31/2013 | None | 07/31/2013 |
| | **For:** John Mark Cowan / PLT<br>**Against:** Transunion Llc / DEF | | | | |
| 0007-000 | Cv Proof Of Svc Compl/Pet/Summons | | 07/18/2013 | None | 07/18/2013 |
| | **For:** John Mark Cowan / PLT<br>**Against:** GE Capital Retail Bank / DEF | | | | |
| 0006-000 | Cv Memo:Ps & As/Suppt Of Demurrer | | 07/08/2013 | None | 07/08/2013 |
| | **For:** GE Capital Retail Bank / DEF | | | | |
| 0005-000 | Cv Demurrer, No Fees | | 07/08/2013 | None | 07/08/2013 |
| | **For:** GE Capital Retail Bank / DEF | | | | |
| 0004-000 | Cv Ntc:Demurrer, Unltd | Click for text | 07/08/2013 | None | 07/08/2013 |
| | **For:** GE Capital Retail Bank / DEF | | | | |
| 0004-001 | Cv Proof Of Svc | | 07/08/2013 | None | 07/08/2013 |
| | **For:** GE Capital Retail Bank / DEF | | | | |
| 0003-000 | Cv Summons Filed | | 06/06/2013 | None | 06/06/2013 |
| | **For:** John Mark Cowan / PLT<br>**Against:** GE Capital Retail Bank / DEF | | | | |
| 0002-000 | Cv Complaint Filed/Summs Issued | | 06/06/2013 | None | 06/06/2013 |
| | **For:** John Mark Cowan / PLT<br>**Against:** GE Capital Retail Bank / DEF | | | | |
| 0001-000 | Cv Case Cover Sheet | | 06/06/2013 | None | 06/06/2013 |
| | **For:** John Mark Cowan / PLT<br>**Against:** GE Capital Retail Bank / DEF | | | | |

For an explanation of the abbreviations used in the Document Description/Text columns, click here.

RETURN

Main Court Website    |    Contact    |    Disclaimer                    © 2011 Superior Court of Santa Clara County

SUM-100

**SUMMONS** *to First Amended Complaint*
**(CITACION JUDICIAL)**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED
2013 JUL 31 PM 3: 56

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TransUnion, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

John Mark Cowan

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte desecha el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* | **CASE NUMBER:** <br> *(Número del Caso):* |
|---|---|
| Superior Co... <br> Civil Division <br> 191 N. First St <br> San Jose, CA 95113 | 113cv247510 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ben Dupre, 2005 De La Cruz Blvd., Suite 30?, Santa Clara, CA 95050 – 408-727-5377

DATE: 07-31-2013                                    Clerk, by _____, Deputy
*(Fecha)*                                                  *(Secretario)*                                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  BEN DUPRE, Bar No. 231191
   2005 De La Cruz Bld., Suite 203
2  Santa Clara, CA 95050
   Tel: 408-727-5377
3  Fax: 408-727-5310
   bendupre@gmail.com
4
   RONALD WILCOX, Bar No. 176601
5  1900 The Alameda, Suite 530
   San Jose, CA 95126
6  Tel: 408-296-0400
   Fax: 408-296-0486
7  ronaldwilcox@post.harvard.edu

8  Counsel for the Plaintiff, Mr. Cowan

9

ENDORSED
FILED

2013 JUL 31  P 3: 59

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California

County Clerk

L. Talamantes

10        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

          **COUNTY OF SANTA CLARA**
11
          **(UNLIMITED JURISDICTION)**
12

13  JOHN MARK COWAN,                    )  Case No.: 113CV247510
                                        )
14           Plaintiff,                 )  **FIRST AMENDED COMPLAINT**
                                        )
15       v.                             )  **DEMAND FOR JURY TRIAL**
                                        )
16  GE CAPITAL RETAIL BANK,             )
    TRANSUNION LLC, DOES 1-10,          )
17                                      )
                                        )
18           Defendants.               )
                                        )
19  _____ )

20                          **I. INTRODUCTION**

21  1.   Mr. Cowan, an employee of more than twenty (20) years at Abbot Medical Optics and

22       Director of Customer Services, is a victim of identity theft.  Someone committed fraud,

23       stole his identity and opened up credit card accounts in his name fraudulently charging

24       thousands of dollars.  Flagging the account as a possible identity theft, Defendant GE

25       Capital sent Mr. Cowan a letter (after the fraudulent account was opened) informing Mr.

FIRST AMENDED COMPLAINT

1  Cowan that the account may have been opened fraudulently. Despite this, GE Capital

2  allowed the imposter to fraudulently purchase thousands of dollars in goods, before Mr.

3  Cowan even received GE Capital's letter. In July 2012, after Mr. Cowan discovered the

4  theft of his identity, he immediately notified the police and the creditors where the

5  fraudulent accounts were opened.

6  2.  Despite sending multiple correspondence (including an eight page police report), and

7  repeated telephone calls with the fraud department, GE Capital was dismissive towards Mr.

8  Cowan's pleas, rejected them, and treated him like a criminal. GE Capital told Mr. Cowan

9  he is personally liable, engaged in an abusive and harassing debt collection campaign

10  (including repeated telephone calls to his home in an attempt to collect a debt he informed

11  them he did not owe, despite his requests to cease), sent threatening demand letters in an

12  attempt to collect a debt he informed them he did not owe, hired a collection agency in an

13  attempt to collect a debt he informed them he did not owe, reported false and damaging

14  information on all his credit reports, and then sold the fraudulent account to a third party

15  debt collector.  Already, Mr. Cowan has had to endure this nightmare for approximately

16  one year, and the ordeal continues.

17  3.  As a result of defendants unlawful acts and omissions, Mr. Cowan has suffered credit

18  damage, loss of credit opportunities, emotional distress, including nervousness, stress,

19  paranoia, nightmares, embarrassment, humiliation, loss of enjoyment in life, anger, loss of

20  concentration at work and home, fear, hopelessness, frustration, anxiety, depression, sleep

21  problems, marital strife, among other negative emotions.

22  4.  According to the FBI, Identity Theft is the fastest growing crime in the United States. In

23  2012 alone, 12.6 million people in the United States became victims of identity theft.

FIRST AMENDED COMPLAINT

5. Congress has said:

> "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, **to the loss of jobs**, and to **invasions of individual privacy**."

6. GE Capital has a history, business plan, or practice of unlawful collection practices and false credit reporting similar to herein. See *Curran v. Experian Info. Solutions, Inc. and GE Capital Retail Bank*, 2013 U.S. Dist. LEXIS 1710 (D. CO 2013)(false credit reporting and unlawful collections); *Fleischmann v. Care Credit and GE Capital Retail Bank*, 2013 U.S. Dist. LEXIS 14290 (C.D. CA 2013(false credit reporting), *White v. Trans Union*, LLC, 462 F. Supp. 2d 1079, 1080, 1084 (C.D. Cal. 2006)(false credit reporting).

## II. JURISDICTION AND VENUE

7. Defendants are authorized to do business and do business in California.

8. Jurisdiction of this Court arises under California Civil Code of Procedure sections 395 and 395.5

9. Venue is proper in that Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

10. Plaintiff, John "Mark" Cowan ("Mr. Cowan"), is a natural person residing in Campbell, California.

11. Mr. Cowan is a "person" as defined by Cal. Civil Code sections 1788.2(g) and 1785.3(j).

12. Mr. Cowan is a "debtor" as defined by Cal. Civil Code section 1788.2(h).

13. Defendant, GE Capital Retail Bank ("Defendant GE Capital") is a debt collector as that term is defined by California Civil Code section 1788.2(c).  Its principal place of business

FIRST AMENDED COMPLAINT

is located at 240 Wekiva Springs Rd., Longwood FL 32779-3604. GE Capital regularly collects debts on its own behalf.

14. Defendant, Trans Union, LLC., and its associated entity Trans Union Corp., (hereinafter referred to collectively as "Trans Union"), is a Delaware corporation which was doing business at all relevant times in Santa Clara County and throughout California. Transunion's principal place of business is 555 W. Adams St., Chicago, IL 60661. Trans Union is a "consumer reporting agency" as defined by 15 USC § 1681a(f).

Defendants, Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to Mr. Cowan, and therefore are sued by such fictitious names. Mr. Cowan is informed and believes and thereon alleges that each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Mr. Cowan. Mr. Cowan will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

15. Mr. Cowan alleges that at all times herein mentioned, each of the Defendants was, and is now, the agent, servant, employee and/or other representative of the other Defendants. And in doing the things herein alleged, Defendants were acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge, consent, and ratification of the other Defendants.

16. Defendants authorized, approved, and/or ratified the acts herein.

17. Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant by Mr. Cowan to refer to all the defendants above.

/ / /

/ / /

FIRST AMENDED COMPLAINT

## IV.   FACTS

### Mr. Cowan Discovers He is a Victim of Identity Theft

18. Mr. Cowan and his wife are victims of identity theft (including an imposter opening almost one dozen fraudulent accounts, all at the same time, as detailed in the police report.

19. Mark Cowan is an employee of more than twenty (20) years at Abbott Medical Optics. His position is Director of Customer Services – Americas. Part of Mr. Cowan's responsibilities is to oversee approximately two hundred employees (handling technical experts, customer support services, and order entry).

20. Sometime before July 19, 2012, GE Capital opened a fraudulent account (account 6034-5914-0219-4620) in Mr. Cowan's name without his knowledge, consent, or authorization.

21. Around July 19, 2012, using the fraudulent account, someone purchased a 55 inch flat screen television, among other items.

22. On or about July 26, 2012 GE Capital flagged the account as possibly fraudulent and sent a letter to Mr. Cowan that stated:

> "We have recently opened up a(n) account in your name, with GECRB Sony Preferred Since the address and/or first-last name on the application did not match the address and/or first-last name contained in the consumer credit bureau report, we are writing to you to confirm that the account was opened at your request. Please note that if you DID apply for this account, you do not need to respond. However, if you DID NOT apply for this account, please notify us in writing..."

23. Despite flagging the account as fraudulent, GE Capital never put a temporary hold on the newly opened credit card account. As a result, someone using the fraudulent account began charging thousands of dollars.

24. On or about July 31, 2012, Mr. Cowan reported the fraudulent account to GE Capital.

25. Sometime thereafter, Mr. Cowan completed and sent GE Capital a fraud form, indicating he did not make these charges.

FIRST AMENDED COMPLAINT

**GE Capital Dismissively Rejects Mr. Cowan and Says He is Liable**

26. GE Capital knew Mr. Cowan was a victim of identity theft.

27. Yet, on or around September 13, 2012, GE Capital sent Mr. Cowan a letter denying his fraud claim.

28. On or around September 13, 2012, GE Capital informed Mr. Cowan that he would remain liable for the charges on the account.  These communications falsely represented the nature, amount and character of the alleged debt; and attempted to collect an amount not owed by law or agreement.

29. On or around October 1, 2012, Mr. Cowan contacted GE Capital to speak with a GE Capital fraud investigator.

30. Mr. Cowan called and spoke with GE Capital's fraud department multiple times in an effort to resolve the fraudulent account, each time GE Capital refused to listen, was dismissive, and did not want to talk with Mr. Cowan.

31. Mr. Cowan told GE Capital, among other things, that the driver's license number, phone number, and signature used by the imposter were not Mr. Cowan's information.  In response, GE Capital deliberately refused to listen, rejected him, and told him this was his problem.

32. Despite Mr. Cowan informing GE Capital that this basic information (driver's license number, phone number, and signature did not match Mr. Cowan's), GE Capital was not interested in obtaining any documentation from Mr. Cowan (such as copies of cancelled checks showing Mr. Cowan's signature, his driver's license, a copy of his phone bill).

33. Mr. Cowan told GE Capital, among other things, the name of the police officer that wrote the police report and the case number.  In response, GE Capital was dismissive towards Mr. Cowan and again told him this was his problem.

FIRST AMENDED COMPLAINT

34. Mr. Cowan pleaded with GE Capital and told it, among other things, he had close to an eight hundred (800) credit score, that he makes a decent income, that he would not be willing to trash his credit score, to look at his spending habits, that he did not have store credit cards, to look at all the fraudulent accounts opened in he and his wife's name (all at the same time), and his willingness to cooperate in any way with GE Capital.   Again, in response, GE Capital was dismissive, rejected Mr. Cowan telling him it cannot help him.

35. Desperate, Mr. Cowan called and left a message with a manager in GE Capital's Fraud Department explaining that he was a victim of identity theft and how he was being treated by GE Capital's fraud department.  GE Capital's management did nothing to resolve this.

36. Mr. Cowan, as a victim of identity theft was undergoing significant emotional duress, compounded by the insensitive and reckless care he received by GE Capital.  Mr. Cowan was so affected by this that at one point, Mr. Cowan had to embarrassingly inform his superior and physically excuse himself from one of the company's most important yearly meetings because he could not focus.

**GE Capital Unlawfully Calls Mr. Cowan Demanding Payment, Despite Requests to Cease**

37. Sometime after GE Capital refused to listen to Mr. Cowan and rejected his pleas, GE Capital began calling Mr. Cowan at his home to pressure Mr. Cowan, in an attempt to collect on the fraudulent account.  These communications falsely represented the nature, amount and character of the alleged debt; and attempted to collect an amount now owed by law or agreement.

38. Mr. Cowan answered some of these telephone calls, again indicating that he did not owe this money, that he was a victim of identity theft, and requested the calls cease.

39. Despite Mr. Cowan indicating again that he was a victim of identity theft and disputed that he owed any money, GE Capital acted dismissively and continued to pressure Mr. Cowan in an attempt to collect  thousands of dollars he did not owe.

FIRST AMENDED COMPLAINT

40. Despite Mr. Cowan's requests to stop calling, GE Capital refused to cease calling and instead made repeated calls Mr. Cowan in an attempt to collect thousands of dollars on a fraudulent account, in violation of Civil Code §1788.17.

41. From September 2012 to February 2013, GE Capital telephoned Mr. Cowan's home in an attempt to collect on a fraudulent account, despite his requests to cease. GE Capital made dozens of telephone calls to Mr. Cowan. At times, GE Capital would telephone Mr. Cowan multiple days in a row, multiple times per day. These repeated telephone calls were made with an intent to annoy, abuse, and harass Mr. Cowan, in violation of Civil Code §1788.17. These communications also falsely represented the nature, amount and character of the alleged debt; and attempted to collect an amount now owed by law or agreement, in violation of Civil Code §1788.17.

**GE Capital Sends Abusive and Threatening Collection Letters**

42. In addition to abusively calling Mr. Cowan at his home, despite his requests to cease and pleas that he was a victim of identity theft and that he disputed the debt, GE Capital also sent numerous abusive and threatening collection letters to Mr. Cowan. These communications falsely represented the nature, amount and character of the alleged debt; and attempted to collect an amount now owed by law or agreement, in violation of Civil Code §1788.17.

43. GE Capital's collection letters stated, in part:

> **"This is a notice regarding your delinquent account.**
>
> **You have been sent several notices that your account is past due. You have failed to contact this office to discuss payment arrangements and efforts to reach you by telephone have been unsuccessful.**
>
> **Failure to remit the amount past due immediately will force GE Capital Retail bank to proceed with the appropriate action necessary to collect this debt."**

FIRST AMENDED COMPLAINT

44. Another GE Capital collection letter sent to Mr. Cowan stated, in part:

> **"Due to severe delinquency of your account, it is necessary that you call us at once to establish a suitable repayment schedule.**
>
> **Be advised that your nonpayment of this debt is being reported on a regular basis to the credit reporting agencies, Experian, Equifax, and TransUnion."**

## GE Capital Instructs a Collections Company to Pressure Mr. Cowan to Pay

45. On or about November 10, 2012, GE Capital hired a collections company, Allied Interstate, LLC to pressure Mr. Cowan to pay.

46. On or about November 10, 2012, collections company Allied Interstate, LLC sent Mr. Cowan a debt collection letter stating, in part:

> **"We are a debt collections company and our client, GE Capital Retail Bank, has retained us to collect the debt noted above. This is an attempt to collect a debt and any information obtained will be used for that purpose."**

47. These communications falsely represented the nature, amount and character of the alleged debt; and attempted to collect an amount now owed by law or agreement, in violation of Civil Code §1788.17.

48. GE Capital never informed Allied Interstate that Mr. Cowan disputed he owed this money and was a victim of identity theft.

49. GE Capital, through its collect collection agent Allied Interstate, telephoned Mr. Cowan again in an attempt to pressure Mr. Cowan to pay.

FIRST AMENDED COMPLAINT

## GE Capital Unlawfully Reports False & Damaging Information on Mr. Cowan's Credit Report

50. Sometime after GE Capital rejected Mr. Cowan's fraud claim, it then reported the false and damaging information on Mr. Cowan's credit reports.

51. Sometime after the fraudulent GE Capital account was opened, GE Capital falsely reported on Mr. Cowan's credit report that Mr. Cowan was delinquent.

52. GE Capital furnished to the Transunion credit reporting agency false and inaccurate credit information that Mr. Cowan was delinquent for, at least, September 2012, October 2012, November 2012, December 2012, January 2013, February 2013, and March 2013.

53. GE Capital furnished to the Equifax Information Services credit reporting agency false and inaccurate credit information that Mr. Cowan was delinquent for, at least, September 2012, October 2012, November 2012, December 2012, January 2013, February 2013, and March 2013.  GE Capital also reported the account as a "charge off".

54. GE Capital furnished to Experian credit reporting agency false and inaccurate credit information that Mr. Cowan was delinquent for, at least, October 2012, November 2012, December 2012, January 2013, February 2013, and March 2013 ("written off").

55. GE Capital intended to cause harm to Mr. Cowan's credit rating and credit worthiness, and did cause harm to Mr. Cowan.

56. Reporting a delinquency on Mr. Cowan's credit report resulted in a negative impact to Mr. Cowan and his credit report.

57. The false and inaccurate information reported on Mr. Cowan's credit report negatively reflects upon Mr. Cowan, his credit repayment history, his financial responsibility as a debtor, and his credit worthiness.

FIRST AMENDED COMPLAINT

**GE Capital Rejects Mr. Cowan's Dispute Letter Including His Police Report**

58. Sometime in March 2013, GE Capital received Mr. Cowan's letter again disputing the fraudulent account, which also included a copy of his eight page (8) police report filed with the city of Campbell indicating that he was a victim of identity theft.

59. On or about March 22, 2013, GE Capital responded to Mr. Cowan's March 2013 letter.

60. GE Capital deliberately ignored Mr. Cowan's police report, which detailed the entire history of fraudulent activity (including the GE Capital incident).

61. On or about March 22, 2013, GE Capital sent Mr. Cowan a letter stating that he was liable for the charges.

62. GE Capital then sold the fraudulent account to another debt collector.

63. GE Capital made false representations as to the legal status of a debt in connection with the sale, transfer or assignment of a debt to another debt collector, with the knowledge that the purchaser, transferee or assignee intends to initiate or continue attempts to collect the debt.

64. At all relevant times, the conduct of GE Capital was malicious, intentional, willful, reckless, in conscious disregard for the rights of others, and in grossly negligent disregard for federal and state laws and the rights of Mr. Cowan.

**GE Capital Recklessly Verifies the Fraudulent Account with TransUnion**

65. On or about April 29, 2013, Mr. Cowan sent a dispute letter to TransUnion requesting GE's entire fraudulent account information (such as "charge off, past due amounts owing, high balances of thousands of dollars, delinquencies, etc.) be removed.

66. Mr. Cowan's letter stated, in part:

> **"It is so hurtful for them to make me feel like the criminal! This whole mess has been so frustrating and stressful. And then to see it on my credit report! I have worked my entire life building a solid credit history..."**

FIRST AMENDED COMPLAINT

67. In response, on or about June 3, 2013, TransUnion sent Mr. Cowan a response letter indicating that GE Capital simply verified that the fraudulent account information was accurate, thus would not be removed.

68. GE Capital's verification of a fraudulent account was reckless.

69. TransUnion's investigation process of a fraudulent account was reckless.

70. GE Capital continues to report false information about Mr. Cowan, intentionally causing Mr. Cowan harm.

## V. FIRST CLAIM – RFDCPA
*Rosenthal Fair Debt Collection Practices Act (Cal. Civil Code 1788 et seq.)*
*Against GE Capital*

71. Mr. Cowan repeats and re-alleges, and incorporates by reference all the paragraphs above.

72. GE Capital's acts and omissions, and course of conduct, as more fully described above, constitute numerous and multiple violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") et seq., including but not limited to the violations of §§ 1788 et seq., and 1788.17.

73. GE Capital violated California Civil Code 1788.17 by engaging in conduct which had the natural consequence to harass, oppress, and abuse Mr. Cowan.

74. GE Capital violated California Civil Code § 1788.17 by making false, deceptive and/or misleading representations in an attempt to collect a debt, and taking action they could not legally take.

75. GE Capital violated California Civil Code § 1788.17 by making false, deceptive and/or misleading representations in an attempt to collect a debt, including falsely representing the nature, character and amount of a debt; and attempting to collect a debt not owed by law or agreement, and taking action they could not legally take.

FIRST AMENDED COMPLAINT

76. GE Capital violated California Civil Code § 1788.17 by engaging in an unfair and unconscionable act in an attempt to collect a debt.

77.     As a result of GE Capital's violations, Mr. Cowan is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to Cal. Civil Code sections 1788.17 and 1788.30.

## VI. SECOND CLAIM – CCCRA
*California Consumer Credit Reporting Act (Cal. Civil Code 1785.25 et seq.)*
*Against GE Capital*

78. GE Capital's acts and omissions violated California Civil Code section 1785.25(a) including, but not limited to the below.

79. GE Capital willfully, maliciously, and intentionally furnished the inaccurate information regarding Mr. Cowan to credit reporting agencies it knew or should have known was incomplete and/or inaccurate, in violation of Cal. Civil Code section 1785.25(a).

80. GE Capital furnished false information to the credit reporting agencies with malice or willful intent to injure Mr. Cowan.

81. Mr. Cowan is entitled to damages to be determined by a trier of fact pursuant to Cal. Civil Code section 1785.31.

82. Mr. Cowan is entitled to attorney's fees and costs pursuant to Cal. Civil Code section 1785.31.

83. Mr. Cowan is entitled to punitive damages (to be determined by a trier of fact) and injunctive relief, pursuant to Cal. Civ. Code section 1785.31, as a result of GE Capital's willful and malicious conduct.

FIRST AMENDED COMPLAINT

## VII. THIRD CLAIM – INTRUSION UPON SECLUSION
### *(Against GE Capital)*

84. Mr. Cowan repeats, re-alleges, and re-incorporates by reference all of the paragraphs above as though fully stated herein.

85. Congress and our state legislature explicitly recognized a consumer's inherent right to privacy in collection matters when it stated:

> "Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, **to the loss of jobs**, and **to invasions of individual privacy**." (emphasis added).

86. GE Capital intentionally interfered, physically or otherwise, with the solitude and seclusion of Mr. Cowan, namely, by engaging in unlawful conduct, as noted above.

87. GE Capital intentionally caused harm to Mr. Cowan's emotional well-being by engaging in highly offensive and improper conduct in knowingly and intentionally pursuing a person to force payment of a debt he does not owe, by repeatedly communicating with Plaintiff; in an attempt to collect money not owed by law or agreement, and despite a police report indicating he is the victim of identity theft, and his requests to cease, and then selling the debt to another knowing they intended to further communicate with Plaintiff in an attempt to collect a debt not owed, thereby invading and intruding upon Mr. Cowan's rights to privacy.

88. Mr. Cowan has a reasonable expectation of privacy in Mr. Cowan's solitude, seclusion, and/or private concerns or affairs.

89. These intrusions and invasions against Mr. Cowan by GE Capital occurred in a way that would be highly offensive to a reasonable person in that position.

90. As a result of such invasions of privacy, Mr. Cowan is entitled to actual damages in an amount to be determined at trial from GE Capital.

91. GE Capital acted in a despicable manner and with a conscious disregard of Mr. Cowan's rights.

FIRST AMENDED COMPLAINT

92. GE Capital also acted with oppression, fraud, and/or malice, thereby entitling Mr. Cowan to punitive damages in an amount according to proof and a finder of fact at trial.

### VIII. FOURTH CLAIM –
### NEGLIGENT TRAINING AND SUPERVISION
*(Against GE Capital)*

93. Mr. Cowan incorporates by reference the above paragraphs as though fully stated herein below.

94. GE Capital negligently trained and supervised its employees and agents as to the performance of their job duties.

95. As a result of such negligent instruction and supervision, the employees/agents, while carrying out their job duties, caused injury and damage to Mr. Cowan.

96. GE Capital acted with malice or with a willful intent to injure.

97. GE Capital engaged in an unlawful attempt to collect a debt not owed, from one who is the victim of identity theft, as a result of its negligent training and supervision.

98. GE Capital negligently trained its employees in investigating Mr. Cowan's ID Theft Claim.

99. GE Capital negligently trained its employees in responding to Mr. Cowan's repeated complaints to GE Capital regarding its lack of conducting a proper fraud investigation.

100. GE Capital does not require its investigators to properly review a police report, nor contact the police officer who created the police report involving a case of identity theft.

101. Mr. Cowan was harmed by the GE Capital employees (that GE Capital failed to properly train and supervise) that failed to properly investigate Mr. Cowan's fraud claim.

102. Mr. Cowan was harmed by the GE Capital employees (that GE Capital failed to properly train and supervise) that treated Mr. Cowan as a criminal with respect to handling his fraud claim.

103. Mr. Cowan was harmed by the GE Capital employees (that GE Capital failed to properly

FIRST AMENDED COMPLAINT

train and supervise) that recklessly rejected Mr. Cowan's fraud claim and continued to collect against Mr. Cowan on a fraudulent account.

104. The employees that handled Mr. Cowan's fraud investigation were unfit or incompetent to perform the work for which they were hired.

105. GE Capital knew or should have known the fraud investigators were unfit or incompetent and that this unfitness or incompetence created a particular risk to others.

106. The unfitness harmed Mr. Cowan.

107. The negligent hiring/supervision of GE Capital was a substantial factor in causing harm to Mr. Cowan.

108. GE Capital is liable for its negligent training and supervision of the collection agents it hired to collect its debts.

109. As a direct and proximate result of GE Capital's unlawful conduct, Mr. Cowan has suffered damages in an amount to be determined at trial.

110. GE Capital acted with oppression, and/or malice, thereby entitling Mr. Cowan to punitive damages in an amount to be determined at trial. Defendants acted in a despicable manner and acted with a conscious disregard to the rights of Mr. Cowan.

## IX.  FIFTH CLAIM – NEGLIGENCE
*(Against GE Capital)*

111. Mr. Cowan incorporates by reference the above paragraphs as though fully stated herein below.

112. GE Capital's outrageous, abusive and intrusive acts as described herein constituted negligence.

113. GE Capital negligently inflicted emotional distress upon Mr. Cowan.

114. GE Capital breached a duty imposed and failed to exercise ordinary care.

115. GE Capital breached a duty to carefully scrutinize credit applications.

FIRST AMENDED COMPLAINT

116. GE Capital has a duty to verify the authenticity and accuracy of a credit card applications before issuing credit.

117. GE Capital owed Mr. Cowan a duty to refrain from unlawful debt collections, unlawful telephone conduct, and to refrain from reporting false and inaccurate information on Mr. Cowan's credit report.

118. GE Capital furnished false information to the credit reporting agencies with malice or willful intent to injure Mr. Cowan.

119. GE Capital engaged in unlawful debt collections with malice or willful intent to injure Mr. Cowan.

120. The breach of such duty proximately caused injury to Mr. Cowan.

121. The injury resulted from an occurrence the nature of which these statutes were designed to protect Mr. Cowan from.

122. Mr. Cowan is a member of the class of persons the statutes were designed to protect.

123. GE Capital's conduct, as described herein, was wrongful conduct in that GE Capital conducted its business in an abusive, oppressive, and harassing manner.

124. As a direct and proximate result of GE Capital's unlawful conduct, Mr. Cowan has suffered damages in an amount to be determined at trial. GE Capital's wrongful conduct as described herein actually and proximately caused Mr. Cowan's harm, as noted above.

125. GE Capital acted with oppression, and/or malice, thereby entitling Mr. Cowan to punitive damages in an amount to be determined at trial.  GE Capital acted in a despicable manner and acted with a conscious disregard to the rights of Mr. Cowan.

## X. <u>SIXTH CLAIM – DEFAMATION</u>
### *(Against GE Capital)*

126. GE Capital maliciously or with a willful intent to injure, published false and defamatory statements about Mr. Cowan in that, within two years of the filing of this action, GE Capital has for several months falsely informed Trans Union, Experian, and Equifax, that Mr. Cowan owed a debt to GE Capital and was delinquent in the payment of an alleged

FIRST AMENDED COMPLAINT

debt to GE Capital.   In addition, GE Capital falsely informed Portfolio Recovery Services and Allied Interstate, LLC, and other entities that Mr. Cowan owed a debt to GE Capital and was delinquent in the payment of that alleged debt to GE Capital.

127. Such defamatory statements could lead one to conclude that Mr. Cowan is not credit worthy, fails to pay his bills, and that Mr. Cowan opens accounts with dishonest motives or intent to defraud a creditor.

128. GE Capital acted with reckless disregard for the truth or falsity of the information it provided to three credit reporting agencies, and two debt collectors, giving rise to a a defamation claim.

129. GE Capital has on a monthly basis falsely informed TransUnion, Mr. Cowan owed approximately $2,600 (including falsely reporting it was owed January 2013 ($2,538), February 2013 ($2,576), and March 2013 $2,611).

130. GE Capital has on a monthly basis falsely informed TransUnion Mr. Cowan was delinquent on a debt, stating:  September 2012, October 2012, November 2012, and December 2012, Mr. Cowan was 30, 60, 90 and then 120, days late.

131. GE Capital has on a monthly basis falsely informed Experian, Mr. Cowan owed: October 2012 ($2,426), November 2012 ($2,463), December 2012 ($2,500), January 2012 ($2,538), February 2012 ($2,576) and March 2012 ($2,621), and that the account was closed and written off at $2,611, among other false and negative items.

132. GE Capital has on a monthly basis, for at least 9 months from September 2012 to March 2013, falsely informed Equifax that Mr. Cowan was delinquent to Equifax in the amount of approximately $2,411.

FIRST AMENDED COMPLAINT

133. GE Capital falsely reported to Trans Union, Experian, and Equifax, and a debt collector, that the Mr. Cowan owed GE Capital approximately $2,600.

134. GE Capital has on a monthly basis falsely informed Trans Union, Experian, and Equifax that Mr. Cowan was past due on a debt in the approximate amount of $2,600 to GE Capital.

135. GE Capital has on a monthly basis falsely informed Trans Union, Experian, and Equifax that Mr. Cowan was "120" days past due on a debt to GE Capital.

136. GE Capital falsely reported to Trans Union, Experian, and Equifax, that Mr. Cowan had an open line of credit with GE Capital.

137. GE Capital's false statements inherently label Mr. Cowan a bad credit risk.

138. GE Capital's false statements are defamatory on their face, and constitute libel per se.

139. GE Capital's false statements are defamatory and constitute libel.

140. GE Capital does not have just cause or excuse for such defamatory statements. GE Capital did not have any privileged that would excuse such defamatory statements.

141. GE Capital knew or should have known that their statements were false.

142. GE Capital's false statements are injurious to Mr. Cowan's reputation, esteem and good will. Along with other damages, Defendant's false statements caused Mr. Cowan to lose opportunities to obtain credit upon the most favorable terms. Along with other damages as further alleged herein, Defendants' false statements also caused Plaintiff to suffer emotional distress and Mr. Cowan seeks compensation for such in an amount to be determined upon the trial of this action.

143. GE Capital acts were willful, malicious, oppressive and despicable, and they acted with a conscious disregard of the rights of Mr. Cowan, entitling Mr. Cowan to punitive damages.

FIRST AMENDED COMPLAINT

## XI. SEVENTH CLAIM – FCRA (1681s2-b)
*(Against GE Capital)*

144. Mr. Cowan repeats the foregoing paragraphs as if fully reinstated herein.

145. GE Capital's acts and omissions violated 15 U.S.C. § 1681 et seq., including, but not

146. limited to the sections listed below.

147. Within the last two years, GE Capital has furnished inaccurate information about Mr. Cowan to the consumer reporting agencies, Equifax, TransUnion, and Experian.

148. Within the last two years, as described above Mr. Cowan has disputed the inaccurate

149. information with TransUnion.

150. Within the last two years, as described above, TransUnion sent GE Capital a notice of Mr. Cowan's dispute with respect to the inaccurate information it furnished.

151. Within the last two years, as described above, TransUnion provided GE Capital a notice of the dispute along with the relevant information Mr. Cowan provided to the consumer reporting agencies.

152. GE Capital negligently and willfully violated 15 USC § 1681s-2(b) by failing to conduct an appropriate investigation, by failing to review all relevant information, by failing to report the results to TransUnion and by failing to modify, delete or permanently block the reporting of the inaccurate information about Mr. Cowan.

153. The conduct of GE Capital was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Mr. Cowan that are outlined more fully above and, as a result, GE Capital is liable to Mr. Cowan for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

FIRST AMENDED COMPLAINT

## XII. EIGHTH CLAIM – FCRA 1681i(a)(1)(A), i(a)(4), e(b)
### *(Against TransUnion)*

154. Mr. Cowan incorporates by reference the above paragraphs as though fully stated herein below.

155. Mr. Cowan disputed to TransUnion regarding the inaccurate reporting of the accounts (stated above) with his dispute letter dated April 29, 2013.

156. Upon receipt of Mr. Cowan's dispute letter dated April 29, 2013, TransUnion had a duty to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate.

157. TransUnion failed to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate.

158. TransUnion acts and omissions violated section §1681i including, but not limited to, the below:

    a.  TransUnion failed (willfully and negligently) to conduct a reasonable reinvestigation in response to Mr. Cowan's dispute, per §1681i(a)(1)(A).

    b.  TransUnion failed (willfully and negligently) to review and consider all relevant information submitted by Mr. Cowan with respect to his dispute, per §1681i(a)(4).

159. TransUnion's acts and omissions violated section §1681e(b), in that TransUnion willfully and negligently failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Mr. Cowan when it prepared a credit report of Mr. Cowan, as well as the results of the reinvestigation it reported.

160. As a direct and proximate result of TransUnion's unlawful conduct, Mr. Cowan has suffered damages in an amount to be determined at trial.

161. TransUnion acted with oppression, and/or malice, thereby entitling Mr. Cowan to punitive damages in an amount to be determined at trial. Defendants acted in a despicable

FIRST AMENDED COMPLAINT

manner and acted with a conscious disregard to the rights of Mr. Cowan.

## X. __PRAYER FOR RELIEF__

WHEREFORE, Mr. Cowan respectfully prays that judgment be entered against the Defendants for the following:

A. Statutory, actual and punitive damages; attorney's fees and costs;

B. Statutory damages pursuant to Civil Code sections 1788.30 and 1788.17;

C. Statutory damages pursuant to Civil Code section 1785.31:

D. Statutory damages pursuant to 15 U.S.C. §1681n or §1681o against TransUnion;

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n;

F. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681o;

G. Costs and reasonable attorney's fees pursuant to Civil Code sections 1788.30 1788.17;

H. Award punitive damages to deter further unlawful conduct pursuant to Cal. Civil Code §3294;

I. Award punitive damages to deter further unlawful conduct pursuant to Cal. Civil Code §1785.31 et seq.;

J. Award punitive damages to deter further unlawful conduct pursuant to 15 U.S.C. §1681n or  15 U.S.C. §1681o against TransUnion;

K. That this Court find and declare that Mr. Cowan is a victim of identity theft with respect to the above mentioned account;

FIRST AMENDED COMPLAINT

1    L. For declaratory, injunctive and other equitable relief; including an order

2      directing GE Capital and TransUnion to cease from any reporting of this

3      fraudulent account or any other inaccurate or incomplete information arising

4      out of this fraud on Mr. Cowan's credit reports;

5    M. For such other and further relief as may be just and proper.

6

7

Respectfully submitted,

8   _____    7/31/13

9  Ben Dupre, Counsel for Mr. Cowan   Date

10

11

12         **DEMAND FOR JURY TRIAL**

13

Please take notice that Plaintiff, Mr. Cowan demands trial by jury in this action.

14  _____    7/31/13

15  Ben Dupre, Counsel for Mr. Cowan   Date

16

17

18

19

20

21

22

23

24

25

FIRST AMENDED COMPLAINT

23

1    BEN E. DUPRE, Bar # 231191
     Dupre Law Firm, P.C.
2    2005 De La Cruz Blvd., Suite 203
     Santa Clara, CA 95050
3    Tel: (408) 727-5377
     Fax: (408) 727-5310
4

5    RONALD WILCOX, Bar #177601
     Attorney at Law
6    2160 The Alameda, Suite F, San Jose, CA 95126
     Tel:  (408) 296-0400
7    Fax: (408) 296-0486

8    Counsel for Plaintiff John Mark Cowan

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
              **IN AND FOR THE COUNTY OF SANTA CLARA**
10       **(Unlimited Jurisdiction Division - Demand Exceeds $25,000)**

11

| | |
|---|---|
| JOHN MARK COWAN,        ) | Civil Action No. 113CV247510 |
|      Plaintiff.           ) | |
|                   ) | PROOF OF SERVICE |
|                   ) | |
| GE CAPITAL RETAIL BANK,     ) | |
| TRANSUNION, LLC           ) | |
|     Defendants.          ) | |

1

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF SANTA CLARA

I am a resident of the County aforesaid; I am over the age of eighteen years old and not a party to the within action; my business address: is 2005 De La Cruz Blvd., Suite 203, Santa Clara, CA 95050.

I served the within:

**First Amended Complaint**

in said action by fed express overnight, addressed as listed below:

Daniel J. O'Rielly
O'Rielly & Roche, LLP
4 Embarcadero Center, Suite 1400
San Francisco, California 94111
Tel: 415-952-3002
Fax: 415-520-9394

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  08/02/13

Ben Dupre

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Ben E. Dupre, Bar No. 231191
2005 De La Cruz Bld., Suite 203
Santa Clara, CA 95050

TELEPHONE NO.: 408-727-5377   FAX NO. *(Optional)*: 408-727-5310
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:   John Mark Cowan

FOR COURT USE ONLY

**FILED**

2013 JUL 18  PM 12:

David H. Yamasaki, Chief Exec. Officer/Clerk of the Superior Court
County of Santa Clara, California

By _____   Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Santa Clara
STREET ADDRESS:   191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE:   San Jose, CA 95113
BRANCH NAME:   Downtown Courthouse

| | |
|---|---|
| PLAINTIFF/PETITIONER:   John Mark Cowan | CASE NUMBER: |
| DEFENDANT/RESPONDENT:   GE Capital Retail Bank, DOES 1-10. | 113CV247510 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      GE Capital Bank, DOES 1-10.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Michael Eubanks, processing manager.

4. Address where the party was served:
   140 Wekiva Springs Road, Longwood, Fl 32779

5. I served the party *(check proper box)*
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 06 2013   (2) at *(time):* 3:40 P.M.
   b. ☐ by substituted service. On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use   **PROOF OF SERVICE OF SUMMONS**   Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: John Mark Cowan | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: GE Capital Retail Bank, DOES 1-10. | 113CV247510 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                       (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: Allison Murphy, CPS 2014-D615-mur,
  b. Address: 1016 Randon Terrace, Lake Mary, Fl 32746
  c. Telephone number: 407 547 5683
  d. The fee for service was: $ 50.00
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 070213

Allison Murphy

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    (SIGNATURE )

                  

COURT SERVICES (ENDORSED) FILED

JUL -8 2013

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By_____
                    Deputy Clerk

Daniel J. O'Rielly (State Bar No. 214846)
Anne M. Hunter (State Bar No. 221455)
**O'RIELLY & ROCHE LLP**
4 Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone:   (415) 952-3002
Facsimile:   (415) 520-9394

Attorneys for Defendant
GE CAPITAL RETAIL BANK

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

# COUNTY OF SANTA CLARA – UNLIMITED JURISDICTION

| | |
|---|---|
| JOHN MARK COWAN,<br><br>              Plaintiff,<br><br>       v.<br><br>GE CAPITAL RETAIL BANK, DOES 1 - 10,<br><br>              Defendants. | Case No.  113CV247510<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GE CAPITAL RETAIL BANK'S DEMURRER TO PLAINTIFF'S COMPLAINT**<br><br>Date:   August 13, 2013<br>Time:   9:00 a.m.<br>Dept:   09<br><br>BY FAX |

## I.    INTRODUCTION

John Mark Cowan failed to make payments on the Sony Preferred credit card issued to him by GE Capital Retail Bank ("GECRB"). Shortly after the GECRB Sony Preferred account was opened, Mr. Cowan claimed that the account was opened fraudulently. When GECRB investigated Mr. Cowan's claims, GECRB learned that the 55" flat-screen television purchased with the Sony card issued to Cowan was delivered to Mr. Cowan's residence. Accordingly, GECRB's fraud investigator

-1-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GE CAPITAL RETAIL BANK'S DEMURRER TO PLAINTIFF'S COMPLAINT

1  concluded that the account was not, in fact, opened fraudulently and Mr. Cowan's fraud claim was

2  denied.  Thereafter, GECRB attempted to collect on the debt.

3       In response, Mr. Cowan filed a Complaint alleging that GECRB's legitimate attempts to

4  collect the debt owed amounted to violations of the Rosenthal Act, intrusion upon seclusion, and

5  negligence.  In addition, the Complaint alleges that GECRB's reporting to Credit Reporting Agencies

6  ("CRAs") was inaccurate, and, as such, was negligent, invaded his privacy, and violated California's

7  Consumer Credit Reporting Agencies Act ("CCRAA").  Each of Mr. Cowan's baseless claims fails as

8  a matter of law.

9       First, the Complaint's vague and conclusory allegations fail to allege a Rosenthal Act claim.

10  Second, the Complaint does not identify which sections of the CCRAA were allegedly violated by

11  GECRB's reporting to the CRAs.  This is particularly problematic as federal law preempts the

12  majority of the provisions of the CCRAA.  Third, Cowan does not state a claim for intrusion upon

13  seclusion as the Complaint fails to allege the requisite "highly offensive" conduct on the part of

14  GECRB.  Finally, Plaintiff's fourth and fifth causes of action, alleging negligent conduct on the part

15  of GECRB, fail as a matter of law.  A lender does not owe a duty of care when the transaction does

16  not exceed the scope of the mere lending of money.  In sum, each of Plaintiff's claims fails as a

17  matter of law.

18       GECRB hereby demurs to Mr. Cowan's Complaint and respectfully requests that this Court

19  dismiss each of the five claims contained therein with prejudice.  In the alternative, GECRB moves

20  to strike the request for punitive damages from the Complaint's prayer for relief as the Complaint

21  does not allege facts that would support a finding of malice.

22  ## II.  LEGAL STANDARD

23       A demurrer tests the legal sufficiency of the factual allegations on the face of the complaint to

24  state a cause of action.  (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.)  The "face of

25  the complaint" includes matters shown in exhibits attached to the complaint and incorporated by

26  reference.  (*Frantz v. Blackwell* (1987) 189 Cal.App.3d 91, 94.)  When deciding whether to sustain a

27  demurrer, a court must give the complaint a reasonable interpretation and "treat the demurrer as

28  admitting all material facts properly pleaded," but the court need not "assume the truth of contentions,

1   deductions or conclusions of law" found in the complaint.  (*Berger v. Cal. Ins. Guarantee Ass'n*

2   (2005) 128 Cal.App.4th 989, 998 (internal citation omitted.).)

### III.   ARGUMENT

**A.  EACH OF PLAINTIFF'S CLAIMS FOR RELIEF FAILS AS A MATTER OF LAW.**

   **1.   Cowan's First Claim For Relief Fails Because the Complaint Does Not Contain Details Sufficient to Establish a Violation of the Rosenthal Act.**

California's Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.,* serves "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts."  (Cal. Civ. Code § 1788.1.)  "A debt collector violates the act when it engages in harassment, threats, the use of profane language, false simulation of the judicial process, or when it cloaks its true nature as a licensed collection agency in an effort to collect a debt."  (*Keen v. American Home Mortg. Servicing, Inc.*, 664 F. Supp. 2d 1086 (E.D. Cal. 2009) (citing *Cal. Civ. Code* §§ 1788.10-1788.18; *Hernandez v. Cal. Reconveyance Co.,* 2009 WL 464462, at *5 (E.D. Cal. Feb. 23, 2009) (holding that a Rosenthal Act claim failed because the complaint lacked allegations of harassment or abuse, false or misleading representations of the debt collector's identity, or unfair practices during the process of collecting debt).)

Plaintiff's Rosenthal Act claim in this case fails as a matter of law.  Cowan's allegations are far too vague and non-specific to make out a viable cause of action under the Rosenthal Act.

In the *Keen* case, 664 F. Supp. 2d 1086, the district court held that the plaintiff's allegations were too vague to state a Rosenthal Act claim.  There, the plaintiff had claimed that the defendants "threatened to take actions not permitted by law, including but not limited to: collecting on a debt not owed; making false reports to credit reporting agencies; foreclosing upon a void security interest; foreclosing upon a note of which they were not possession nor otherwise entitled to payment; falsely stating the amount of a debt; increasing the amount of a debt by including amounts that are not permitted by law or contract; and using unfair and unconscionable means in an attempt to collect a debt."  (*Id*. at 1094-1095.)  The court held that this was insufficient without any allegations that the defendants had used "threats, harassment, or profane language" to collect the debt.  (*Id*. at 1095.)

Here, Cowan's vague and conclusory allegations that GECRB violated the Rosenthal Act by: "engaging in conduct which had the natural consequence to harass, oppress, and abuse Mr. Cowan;" "making false, deceptive and/or misleading representations in an attempt to collect a debt, and taking action they could not legally take;" and "engaging in an unfair and unconscionable act in an attempt to collect a debt" are even less specific than the deficient allegations in *Keen* and contain no allegations of threats, harassment or profanity. (Complaint, ¶ 52-54.) In the absence of specific facts, Cowan has failed to provide GECRB with sufficient notice of the conduct that supposedly violated the Rosenthal Act. Accordingly, the First Claim for Relief should be dismissed.

## 2. Plaintiff's Unspecified CCRAA Claim Is Too Vague and May Be Preempted by the FCRA.

In the Second Claim for Relief, Plaintiff vaguely alleges that GECRB violated "section 1785.25" of the CCRAA by submitting negative credit information to the CRAs that Cowan claims was inaccurate. (Complaint, ¶ 57-62.) However, Section 1785.25 contains seven subparts, nearly all of which are preempted by the federal Fair Credit Reporting Act ("FCRA"). (*See Carvalho v. Equifax Information Svcs., LLC,* 629 F.3d 876, 888-89 (9th Cir. 2010); *Wang v. Asset Acceptance, LLC,* 681 F.Supp.2d 1143, 1147 (N.D. Cal. 2010); *Sanai v. Salz,* 170 Cal.App.4th 746, 773 (2009).) Plaintiff's failure to specify which subsections of section 1785.25 GECRB allegedly violated is fatal. The vague and non-specific CCRAA claim does not provide GECRB with fair notice of what the claim is; accordingly, GECRB cannot form an adequate response. Moreover, the claim may well be preempted by the FCRA. Accordingly, the CCRAA claim should be dismissed.

## 3. Plaintiff's Intrusion Upon Seclusion Claim Fails.

Plaintiff's intrusion upon seclusion claim, a variation on an invasion of privacy claim, fails here as Plaintiff does not allege, nor can he, that GECRB's conduct was "highly offensive." The California Supreme Court has adopted the definition of the tort of intrusion as set forth in *Miller v. National Broadcasting Co.* (1986) 187 Cal.App.3d 1463, 1482, and in the Restatement Second of Torts section 652B. (*See Sanders v. American Broadcasting Companies* (1999), 20 Cal.4th 907, 914-915; *Shulman v. Group W Productions, Inc.* (1998), 18 Cal.4th 200, 231.) Section 652B declares that "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another

or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, *if the intrusion would be highly offensive to a reasonable person.*"  (emphasis added.)

The lion's share of cases involving intrusion upon seclusion claims involve either invasions of physical privacy by the media or invasions of physical privacy in a medical setting.  Examples of conduct that has been deemed "highly offensive" include:

- the unexplained presence of a drug salesman during a patient's breast examination; (*see Sanchez-Scott v. Alza Pharmaceuticals* (2001) 86 Cal.App.4th 365);

- a television camera crew's entrance into the home of a person who had suffered a heart attack and was being treated by paramedics, the crew's filming of the paramedics' attempts to save the man's life, and the crew's use of the film on its nightly news, all without anyone's consent (*see Miller*, 187 Cal.App.3d 1463);

- an undercover television news reporter's secret videotaping of workplace conversations and the subsequent airing of such videotapes (*see Sanders*, 20 Cal.4th 907); and

- a video camera operator's filming and recording of conversations between a car accident victim and a rescuer inside a helicopter ambulance, and the airing of such film, without the consent of the patient (*see Shulman*, 18 Cal.4th 200).

The conduct alleged here – that GECRB sent him letters and called him on the telephone to attempt to collect a valid debt, and that GECRB reported negative account activity on that debt when Cowan failed to make payments – does not even come close to the level of "highly offensive" conduct contemplated by these cases.  GECRB attempted to collect a legitimate debt.  The Complaint does not allege facts that would support a finding of highly offensive conduct by GECRB.  Accordingly, the Third Claim for Relief should be dismissed.

### 4.  Plaintiff's Fourth and Fifth Claims for Relief Fail As a Matter of Law Because a Lender Does Not Owe a Borrower a Duty of Care.

Cowan's negligent training and supervision and negligence claims fail as a matter of law. "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence."  (*Nymark v. Heart Fed. Savings & Loan Assn.* (1991) 231 Cal. App. 3d 1089, 1095 (citation omitted).)   A financial institution owes no duty of care to a borrower when the

1  transaction does not exceed the scope of its role as a mere lender of money.  (*See Nymark*, 231

2  Cal.App.3d at 1096-1097; *see also Wagner v. Benson* (1980) 101 Cal.App.3d 27, 35 (citing *Connor v.*

3  *Great Western Sav. & Loan Assn.* (1968) 69 Cal.2d 850, 864) ("liability to a borrower for negligence

4  arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of

5  the usual money lender.'"))  Here, Cowan has not pleaded, because he cannot, any conduct by

6  GECRB that goes beyond the scope of extending him credit.  Accordingly, both the Fourth Claim for

7  Relief for negligent training and supervision and the Fifth Claim for Relief for negligence fail and

8  must be dismissed.

9                                                          ---

10       For the foregoing reasons, GECRB respectfully requests that this Court sustain its demurrer in

11  its entirety and dismiss, with prejudice, each of the five claims brought against GECRB.

12  **B.  IN THE ALTERNATIVE, THIS COURT SHOULD STRIKE THE PRAYER FOR PUNITIVE**
    **DAMAGES AGAINST GECRB.**

13

14       Plaintiff seeks an award of punitive damages against GECRB in his prayer for relief.  (*See*

15  Complaint at 12:16-18.)  However, as explained below, Plaintiff fails to plead facts sufficient to

16  support his requests for punitive damages.  Accordingly, GECRB respectfully requests that this Court

17  strike all requests for punitive damages in the Complaint.

18       The Court has authority to strike damages from a complaint if such damages are not

19  recoverable.  California Code of Civil Procedure section 435(b)(1) authorizes "[a]ny party, within the

20  time allowed to respond to a pleading may serve and file a notice of motion to strike the whole or any

21  part thereof . . . ."  Section 436(a) authorizes courts to "[s]trike out any irrelevant, false, or improper

22  matter inserted in any pleading."  Punitive damages awards are governed by Code of Civil Procedure

23  section 3294(a) which provides that "[i]n an action for the breach of an obligation not arising from

24  contract, where it is proven by *clear and convincing evidence* that the defendant has been guilty of

25  oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for

26  the sake of example and by way of punishing the defendant.  (Civil Code § 3294(a), emphasis added.)

27  The terms "oppression," "fraud," and "malice" are specifically defined in Civil Code section 3294(c)

28  as follows:

1

2

(1) "Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.

3

4

(2) "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

5

6

7

(3) "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

8   (Civil Code § 3294(c).)  In pleading punitive damages, a party must plead facts from which it can

9   reasonably be inferred that the defendant acted with malice, oppression, or fraud within the meaning

10   of Civil Code § 3294.  The mere allegation that an intentional tort was committed is not sufficient on

11   its own to warrant an award of punitive damages.  (*Grieves v. Superior Court* (1984) 157 Ca.App.3d

12   159, 166.)  Not only must there be circumstances of oppression, fraud, or malice, but the facts must

13   be alleged in the pleading to support such a claim.  (*Id.*)  Moreover, as explained in *Tresemer v. Barke*

14   (1978) 86 Cal.App.3d 656:

15

16

17

18

19

The cases interpreting section 3294 make it clear that in order to warrant the allowance of punitive damages the act complained of must not only be willful in the sense of intentional, but it must also be accompanied by aggravating circumstances, amounting to malice.  The malice required implies an act conceived in a spirit of mischief or with criminal indifference towards the obligations owed to others.  There must be an intent to vex, annoy or injure. Mere spite or ill will is not sufficient; and mere negligence, even gross negligence is not sufficient to justify an award of punitive damages.

20   It is well established that punitive damages cannot be pleaded generally and that allegations

21   that defendant acted "with oppression, fraud and malice" toward plaintiff are merely legal

22   conclusions.  (*Brousseau v. Jarrett* (1977) 73 Cal.App.3d 864, 87 [specific factual allegations are

23   required to support a punitive damages claim]; *Perkins v. Sup.Ct.* (*General Tel. Directory Co.*) (1981)

24   117 Cal.App.3d 1, 6–7] [same].)  Courts have stricken punitive damages allegations in a variety of

25   circumstances.  (*See, e.g.*, *McDonell v. American Trust Co.* (1955) 130 Cal.App.2d 296, 300)

26   [allegations that a defendant was "aware" of a defective condition on rented premises that could cause

27   injury to the tenants, and "refused" to repair same, are *not* enough to allege punitive damages]; *Cohen*

28   *v. Groman Mortuary, Inc.* (1964) 231 Cal.App.2d 1, 8 (disapproved on other grounds in *Christensen*

1   *v. Sup.Ct. (Pasadena Crematorium)* (1991) 54 Cal.3d 868, 889 [allegation that defendant mortuary

2   negligently substituted another body for that of plaintiff's decedent in a funeral service with "wanton

3   disregard of the sensibilities of plaintiff" was *not* sufficient to support an award of punitive damages

4   because the allegation of "wanton" or "willful disregard" is nothing more than a legal conclusion];

5   *G.D. Searle & Co. v. Sup.Ct. (Seaton)* (1975) 49 Cal.App.3d 22, 32 [allegations that defendant-drug

6   manufacturer knew that its product was of a type that might cause injury were *not* sufficient for

7   punitive damages].)

8          Based on the foregoing, it is clear that Plaintiff's requests for punitive damages must be

9   stricken from the Complaint.  There are simply no facts to support a punitive damages award against

10  GECRB here.  Plaintiff's Complaint contains no facts to support a finding of malice.  Cowan's

11  allegations against GECRB, such as they are, do not even remotely justify an award of punitive

12  damages under the pleading standard set by the statutes and cases detailed above.  Thus, GECRB asks

13  that the requests for punitive damages be stricken in their entirety.

14                          **IV.    CONCLUSION**

15         The Complaint fails to set forth any viable claims against GECRB.  With respect to his first

16  claim, Cowan has not alleged sufficient details to support a Rosenthal Act claim.  Regarding the

17  CCRAA claim, Plaintiff has not identified which provisions GECRB allegedly violated.  This is

18  particularly problematic as all but a few provisions of the CCRAA are preempted by the FCRA.  As it

19  currently reads, GECRB is unable to form a sufficient response to the claim.  It may well be,

20  depending on which provisions Cowan is alleging were violated by GECRB, that the CCRAA claim

21  is preempted and must be dismissed with prejudice.  The intrusion upon seclusion claim fails, as the

22  Complaint does not sufficiently allege highly offensive conduct on the part of GECRB.  Finally,

23  Cowan's two negligence claims fail as a matter of law, as a lender owes no duty of care to a borrower

24  when the scope of the relationship is limited to the lending of money or credit, as it is here.

25         Accordingly, GECRB respectfully requests that the Court sustain this demurrer to Plaintiff's

26  Complaint in its entirety and dismiss each of the five claims with prejudice.

27         In the alternative, GECRB respectfully requests that the Court strike Cowan's requests for

28  punitive damages from the prayer for relief.

1    Dated:   July 8, 2013                          Respectfully submitted,

2                                                   **O'RIELLY & ROCHE LLP**

3

4                                                   By: _____

5                                                          Daniel J. O'Rielly

6                                                   Attorneys for Defendant
                                                    GE CAPITAL RETAIL BANK
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT SERVICES

1  Daniel J. O'Rielly (State Bar No. 214846)
   Anne M. Hunter (State Bar No. 221455)
2  **O'RIELLY & ROCHE LLP**
   4 Embarcadero Center, Suite 1400
3  San Francisco, California 94111
   Telephone:  (415) 952-3002
4  Facsimile:   (415) 520-9394

5  Attorneys for Defendant
   GE CAPITAL RETAIL BANK
6

7

8                    SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                    COUNTY OF SANTA CLARA – UNLIMITED JURISDICTION

10

11

12  JOHN MARK COWAN,                          Case No.  113CV247510

13              Plaintiff,

14                                            **DEFENDANT GE CAPITAL RETAIL
                                              BANK'S DEMURRER TO PLAINTIFF'S**
15        v.                                  **COMPLAINT**

16  GE CAPITAL RETAIL BANK, DOES 1 - 10,
                                              Date:   August 13, 2013
17              Defendants.                   Time:   9:00 a.m.
                                              Dept:   09
18
                                                              BY FAX
19

20

21

22        Defendant GE Capital Retail Bank ("GECRB" OR "Defendant") hereby demurs to Plaintiff

23  John Mark Cowan's ("Cowan" or "Plaintiff") Complaint on the following grounds:

24        First, the Complaint's vague and conclusory allegations fail to allege a Rosenthal Act claim.

25        Second, the Complaint does not identify which sections of California's Consumer Credit

26  Reporting Agencies Act ("CCRAA") were allegedly violated by GECRB's reporting to the CRAs.

27  This is particularly problematic as federal law preempts the majority of the provisions of the

28  CCRAA.

---

1        Third, Cowan does not state a claim for intrusion upon seclusion as the Complaint fails to

2   allege the requisite "highly offensive" conduct on the part of GECRB.

3        Finally, Plaintiff's fourth and fifth causes of action, alleging negligent conduct on the part of

4   GECRB, fail as a matter of law.  A lender does not owe a duty of care when the transaction does not

5   exceed the scope of the mere lending of money.

6                    **DEMURRER TO FIRST CAUSE OF ACTION**

7        Plaintiff's First Cause of Action alleging violations of the Rosenthal Fair Debt Collection

8   Practices Act fails to state facts sufficient to constitute a cause of action against Defendant GECRB.

9                    **DEMURRER TO SECOND CAUSE OF ACTION**

10       Plaintiff's Second Cause of Action alleging violations of the CCRAA fails to state facts

11  sufficient to constitute a cause of action against Defendant GECRB.

12                   **DEMURRER TO THIRD CAUSE OF ACTION**

13       Plaintiff's Third Cause of Action for Intrusion Upon Seclusion fails to state facts sufficient to

14  constitute a cause of action against Defendant GECRB.

15                   **DEMURRER TO FOURTH CAUSE OF ACTION**

16       Plaintiff's Fourth Cause of Action for Negligent Training and Supervision fails to state facts

17  sufficient to constitute a cause of action against Defendant GECRB.

18                   **DEMURRER TO FIFTH CAUSE OF ACTION**

19       Plaintiff's Fifth Cause of Action for Negligence fails to state facts sufficient to constitute a

20  cause of action against Defendant GECRB.

21

22                   **ALTERNATIVE MOTION TO STRIKE**

23       Plaintiff's requests for punitive damages should be stricken, as the Complaint does not

24  contain any facts supporting a finding of malicious behavior on the part of GECRB.

25  ///

26  ///

27  ///

28  ///

1  Dated:  July 8, 2013

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**O'RIELLY & ROCHE LLP**

By: _____
              Daniel J. O'Rielly

Attorneys for Defendant
GE CAPITAL RETAIL BANK

COURT SERVICES

(ENDORSED)
FILED

JUL -8 2013

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By_____
Deputy Clerk
M. Sorum

1 | Daniel J. O'Rielly (State Bar No. 214846)
2 | Anne M. Hunter (State Bar No. 221455)
   | **O'RIELLY & ROCHE LLP**
3 | 4 Embarcadero Center, Suite 1400
   | San Francisco, California 94111
4 | Telephone:  (415) 952-3002
   | Facsimile:  (415) 520-9394

5 | Attorneys for Defendant
6 | GE CAPITAL RETAIL BANK

7

8 | SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9 | COUNTY OF SANTA CLARA – UNLIMITED JURISDICTION

10

11

12 | JOHN MARK COWAN,

13 |                       Plaintiff,

14 |          v.

15 | GE CAPITAL RETAIL BANK, DOES 1 - 10,

16 |                       Defendants.

17

18

19

20

| Case No.  113CV247510 |
| --- |
| **NOTICE OF DEFENDANT GE CAPITAL RETAIL BANK'S DEMURRER TO PLAINTIFF'S COMPLAINT** |
| Date:   August 13, 2013 |
| Time:  9:00 a.m. |
| Dept:   09 |
| BY FAX |

21

22 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23 |          PLEASE TAKE NOTICE that on August 13, 2013, at 9:00 a.m., or as soon thereafter as

24 | counsel may be heard, in Department 09 of this court, located at 191 N. First Street, San Jose, CA

25 | 95113, Defendant GE CAPITAL RETAIL BANK ("GECRB" or "Defendant") will, and hereby

26 | does, generally demur to the five claims asserted against it in the Complaint filed by Plaintiff John

27 | Mark Cowan ("Cowan" or "Plaintiff") in this action.  GECRB's demurrer is based on the following

28 | grounds:

---

- First, the Complaint's vague and conclusory allegations fail to allege a Rosenthal Act claim.
- Second, the Complaint does not identify which sections of California's Consumer Credit Reporting Agencies Act ("CCRAA") were allegedly violated by GECRB's reporting to the CRAs.  This is particularly problematic as federal law preempts most of the provisions of the CCRAA.
- Third, Cowan does not state a claim for intrusion upon seclusion as the Complaint fails to allege the requisite "highly offensive" conduct on the part of GECRB.
- Finally, Plaintiff's fourth and fifth causes of action, alleging negligent conduct on the part of GECRB, fail as a matter of law.  A lender does not owe a duty of care when the transaction does not exceed the scope of the mere lending of money.

The Demurrer will be based on this Notice of Motion, the Demurrer itself, the supporting Memorandum of Points and Authorities, the records and file herein, and on such evidence as may be presented at the hearing on the Demurrer.

In the event that the Court declines to sustain GECRB's demurrer in its entirety, GECRB alternatively moves to strike Cowan's punitive damages prayer as against GECRB.  Punitive damages are not available here, as the Complaint contains no facts that would support a finding of malicious behavior on the part of GECRB.

Dated:  July 8, 2013                                Respectfully submitted,

                                                          **O'RIELLY & ROCHE LLP**


                                                          By: _____
                                                               Daniel J. O'Rielly

                                                          Attorneys for Defendant
                                                          GE CAPITAL RETAIL BANK

NOTICE OF DEFENDANT GE CAPITAL RETAIL BANK'S DEMURRER TO PLAINTIFF'S COMPLAINT

COURT SERVICES

1

2

3

4

5

6

7

8                     SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                     COUNTY OF SANTA CLARA – UNLIMITED JURISDICTION

10

11

12   JOHN MARK COWAN,                          Case No.  113CV247510

13                          Plaintiff,

14                                             **[PROPOSED] ORDER GRANTING**
                                               **DEFENDANT GE CAPITAL RETAIL**
                                               **BANK'S DEMURRER TO PLAINTIFF'S**
15               v.                            **COMPLAINT**

16   GE CAPITAL RETAIL BANK, DOES 1 - 10,

17                          Defendants.        Date:    August 13, 2013
                                               Time:    9:00 a.m.
18                                             Dept:    09

19

20

21

22

23          This matter was scheduled for hearing on August 13, 2013 in Department 09 of the Superior

24   Court for the State of California, County of Santa Clara.

25          Having considered the Demurrer, the Memorandum of Points and Authorities, and supporting

26   papers and evidence filed by the parties, and having heard argument of counsel, the Court finds that

27   Plaintiff John Mark Cowan's ("Plaintiff" or "Cowan") Complaint fails to set forth any viable claims

28   against Defendant GE Capital Retail Bank ("Defendant" or "GECRB") for the following reasons:

1    First, the Complaint's vague and conclusory allegations fail to allege a Rosenthal Act claim.

2    Second, the Complaint does not identify which sections of the CCRAA were allegedly

3    violated by GECRB's reporting to the CRAs.  This is particularly problematic as federal law

4    preempts most of the provisions of the CCRAA.

5    Third, Cowan does not state a claim for intrusion upon seclusion as the Complaint fails to

6    allege the requisite "highly offensive" conduct on the part of GECRB.

7    Finally, Plaintiff's fourth and fifth causes of action, alleging negligent conduct on the part of

8    GECRB, fail as a matter of law.  A lender does not owe a duty of care when the transaction does not

9    exceed the scope of the mere lending of money.

10    THEREFORE, IT IS HEREBY ORDERED that GECRB's Demurrer to Plaintiff's Complaint

11    is SUSTAINED in its entirety.  The Complaint, and each of the five causes of action against GECRB

12    contained therein, is hereby dismissed with prejudice.

13

14    IT IS SO ORDERED.

15

16

17    Dated: _____, 2013            _____

18                                                JUDGE OF THE SUPERIOR COURT

19

20

21

22

23

24

25

26

27

28

COURT SERVICES

(ENDORSED)
FILED

JUL -8 2013

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By_____
Deputy Clerk
Forum

1  | Daniel J. O'Rielly (State Bar No. 214846)
2  | Anne M. Hunter (State Bar No. 221455)
   | **O'RIELLY & ROCHE LLP**
3  | 4 Embarcadero Center, Suite 1400
   | San Francisco, California 94111
   | Telephone: (415) 952-3002
4  | Facsimile: (415) 520-9394
5  
   | Attorneys for Defendant
6  | GE CAPITAL RETAIL BANK
7  
8  |                    SUPERIOR COURT FOR THE STATE OF CALIFORNIA
9  |                    COUNTY OF SANTA CLARA – UNLIMITED JURISDICTION
10  
11  
12  | JOHN MARK COWAN,                          | Case No.  113CV247510
13  |                    Plaintiff,
14  |                                           | **PROOF OF SERVICE**
15  |          v.
   |                                           | Date:   August 13, 2013
16  | GE CAPITAL RETAIL BANK, DOES 1 - 10,      | Time:   9:00 a.m.
   |                                           | Dept:   09
17  |                    Defendants.                       **BY FAX**
18  
19  
20  
21  
22  |                             **PROOF OF SERVICE**
23  
24  |        I declare that I am over the age of 18 years and not a party to the within action.  My business
25  | address is 4 Embarcadero Center, Suite 1400, San Francisco, California, 94111.
26  |        On July 8, 2013, I served the following document(s):
27  
28  | •    **NOTICE OF DEFENDANT GE CAPITAL RETAIL BANK'S DEMURRER TO
   |       PLAINTIFF'S COMPLAINT**

---

- **DEFENDANT GE CAPITAL RETAIL BANK'S DEMURRER TO PLAINTIFF'S COMPLAINT**

- **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GE CAPITAL RETAIL BANK'S DEMURRER TO PLAINTIFF'S COMPLAINT**

- **[PROPOSED] ORDER GRANTING DEFENDANT GE CAPITAL RETAIL BANK'S DEMURRER TO PLAINTIFF'S COMPLAINT**

To:

*Attorneys for Plaintiff John Mark Cowan*

Ben Dupre
2005 De La Cruz Bld., Suite 203
Santa Clara, CA 95050
Tel:  (408) 727-5377
Fax: (408) 727-5310

Ronald Wilcox
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel:  (408) 296-0400
Fax: (408) 296-0486

___X___ **BY MAIL.** I placed, on the date shown below, at my place of business, a true copy thereof, enclosed in a sealed envelope, with postage fully pre-paid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business, addressed to those listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on July 8, 2013, at San Francisco, California.

_____

Nydia Avellan

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GE Capital Retail Bank, and Does 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

John Mark Cowan

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**

JUN -6 2013

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By:_____
Clerk Cash

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Superior Court, Santa Clara County <br><br> 191 N. First Street <br> San Jose, CA 95113 | **CASE NUMBER:** *(Número del Caso):* <br> **113CV247510** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Ben E. Dupre, 2005 De La Cruz Blvd., Suite 203, Santa Clara, CA 95050  408-727-5377

| | | | |
|---|---|---|---|
| DATE: 06/06/13 <br> *(Fecha)* | DAVID H. YAMASAKI <br> Chief Executive Officer/Clerk | Clerk, by <br> *(Secretario)* | , Deputy <br> *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

BEN DUPRE, Bar No. 231191
2005 De La Cruz Bld., Suite 203
Santa Clara, CA 95050
Tel: 408-727-5377
Fax: 408-727-5310
bendupre@gmail.com

RONALD WILCOX, Bar No. 176601
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
ronaldwilcox@mac.com

Counsel for the Plaintiff, Mr. Cowan

FILED  Santa Clara Co
06/06/13   2:08pm
David H. Yamasaki
Chief Executive Offic
By: dwendel DT6CIV010
R#20130005716

CK                    $435.00
TL                    $435.00
Case:  1-13-CV-247510

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

## (UNLIMITED JURISDICTION )

| JOHN MARK COWAN, | ) | Case No.113CV247510 |
|---|---|---|
| Plaintiff, | ) | **COMPLAINT** |
| v. | ) | **DEMAND FOR JURY TRIAL** |
| GE CAPITAL RETAIL BANK, DOES 1-10, | ) | |
| Defendants. | ) | |

## I. **INTRODUCTION**

1.    Mr. Cowan is a victim of identity theft.  Someone committed fraud, stole his identity and
opened up credit card accounts in his name fraudulently charging thousands of dollars.  In
July 2012, after Mr. Cowan discovered theft of his identity, he immediately notified the
police and the creditors where the fraudulent accounts were opened.  Despite sending
multiple correspondence (including a police report), having many telephone calls with the

COMPLAINT

fraud department, GE Capital rejected Mr. Cowan's pleas, essentially alleging Mr. Cowan was a criminal.  It told him he is personally liable, engaged in an abusive and harassing debt collection campaign (including calling and calling Mr. Cowan at his home despite his requests to cease), reported false and damaging information on his credit reports, and then sold the fraudulent account to a third party debt collector.  Already, Mr. Cowan has had to endure this nightmare for approximately one year.

2.  As a result of defendants unlawful acts and omissions, Mr. Cowan has suffered credit damage, loss of credit opportunities, emotional distress, including nervousness, stress, paranoia, embarrassment, humiliation, loss of enjoyment in life, anger, loss of concentration at work and home, fear, hopelessness, frustration, anxiety, depression, sleep problems, marital strife, among other negative emotions.

3.  According to the FBI, Identity Theft is the fastest growing crime in the United States.  In 2012 alone, 12.6 million people in the United States became victims of identity theft.

4.  According to the FDCPA, 15 U.S.C. 1692, which California's Fair Debt Collection Statute incorporates:

> (a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, **to the loss of jobs**, and to **invasions of individual privacy**.

> (b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

5.  GE Capital has a history, business plan, or practice of unlawful collection practices and false credit reporting similar to herein. See *Curran v. Experian Info. Solutions, Inc. and GE Capital Retail Bank*, 2013 U.S. Dist. LEXIS 1710 (D. CO 2013)(false credit reporting and

COMPLAINT

1   unlawful collections); *Fleischmann v. Care Credit and GE Capital Retail Bank*, 2013 U.S.

2   Dist. LEXIS 14290 (C.D. CA 2013(false credit reporting)

3

4                             **II. JURISDICTION AND VENUE**

5  6.   Defendants are authorized to do business and do business in California.

6  7.   Jurisdiction of this Court arises under California Civil Code of Procedure sections 395 and

7      395.5

8  8.   Venue is proper in that Defendants transact business here and the conduct complained of

9      occurred here.

10                                  **III. PARTIES**

11  9.   Plaintiff, John "Mark" Cowan ("Mr. Cowan"), is a natural person residing in Campbell,

12      California.

13  10.  Mr. Cowan is a "person" as defined by Cal. Civil Code sections 1788.2(g) and 1785.3(j).

14  11.  Mr. Cowan is a "debtor" as defined by Cal. Civil Code section 1788.2(h).

15  12.  Defendant, GE Capital Retail Bank ("Defendant GE Capital") is a debt collector as that

16      term is defined by California Civil Code section 1788.2(c). It's principal place of business

17      is located at 240 Wekiva Springs Rd., Longwood FL 32779-3604. GE Capital regularly

18      collects debts on its own behalf.

19  13.  Defendants, Does 1 through 10 are persons or entities whose true names and capacities are

20      presently unknown to Mr. Cowan, and therefore are sued by such fictitious names. Mr.

21      Cowan is informed and believes and thereon alleges that each of the fictitiously named

22      Defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in

23      some manner for the matters alleged herein, and is jointly and severally liable to Mr.

24      Cowan. Mr. Cowan will seek leave of court to amend this complaint to state the true

25      names and capacities of such fictitiously named defendants when ascertained.

COMPLAINT

14.  Mr. Cowan alleges that at all times herein mentioned, each of the Defendants was, and is now, the agent, servant, employee and/or other representative of the other Defendants. And in doing the things herein alleged, Defendants were acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge, consent, and ratification of the other Defendants.

15.  Defendants authorized, approved, and/or ratified the acts herein.

16.  Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant by Mr. Cowan to refer to all the defendants above.

## IV.   FACTS

### Mr. Cowan Discovers He is a Victim of Identity Theft

17.  Mr. Cowan is a victim of identity theft.

18.  Sometime before July 19, 2012, GE Capital opened a fraudulent account (account 6034-5914-0219-4620) in Mr. Cowan's name without his knowledge, consent, or authorization.

19.  Around July 19, 2012, using the fraudulent account, someone purchased a 55 inch flat screen television, among other items.

20.  On or about July 26, 2012 GE Capital sent a letter to Mr. Cowan that stated:

> "We have recently opened up a(n) account in your name, with GECRB Sony Preferred Since the address and/or first-last name on the application did not match the address and/or first-last name contained in the consumer credit bureau report, we are writing to you to confirm that the account was opened at your request. Please note that if you DID apply for this account, you do not need to respond. However, if you DID NOT apply for this account, please notify us in writing..."

21.  On or about July 31, 2012, Mr. Cowan reported the fraudulent account to GE Capital.

22.  Sometime thereafter, Mr. Cowan completed and sent GE Capital a fraud form, indicating he did not make these charges.

### GE Capital Dismissively Rejects Mr. Cowan and Says He is Liable

23.  On or around September 13, 2012, GE Capital sent Mr. Cowan a letter denying his fraud claim.

COMPLAINT

4

24. On or around September 13, 2012, GE Capital informed Mr. Cowan that he would remain liable for the charges on the account.

25. On or around October 1, 2012, Mr. Cowan contacted GE Capital to speak with a GE Capital fraud investigator.

26. Mr. Cowan called and spoke with GE Capital's fraud department multiple times in an effort to change GE Capital's position that Mr. Cowan was liable.

27. Despite Mr. Cowan's efforts, GE Capital did not change its position that Mr. Cowan was liable.

**GE Capital Unlawfully Calls Mr. Cowan Demanding Payment, Despite Requests to Cease**

28. Sometime after GE Capital refused to listen to Mr. Cowan and rejected his pleas, GE Capital began calling Mr. Cowan at his home to collect money on the fraudulent account.

29. Mr. Cowan answered some of these telephone calls, again indicating that he did not owe this money, that he was a victim of identity theft, and requested the calls cease.

30. Despite Mr. Cowan's requests to stop calling, GE Capital refused to cease calling and instead continued to call Mr. Cowan in an attempt to collect on the fraudulent account.

31. GE Capital called Mr. Cowan from September 2012 to February 2013.  GE Capital made more than a dozen telephone calls to Mr. Cowan.

**GE Capital Sends Abusive and Threatening Collection Letters**

32. In addition to abusively calling Mr. Cowan at his home, despite his requests to cease, GE Capital also sent numerous abusive and threatening collection letters to Mr. Cowan.

33. GE Capital's collection letters stated, in part:

> **"This is a notice regarding your delinquent account.**
>
> **You have been sent several notices that your account is past due.  You have failed to contact this office to discuss payment arrangements and efforts to reach you by telephone have been unsuccessful.**

COMPLAINT

> Failure to remit the amount past due
> immediately will force GE Capital Retail bank to
> proceed with the appropriate action necessary to
> collect this debt."

34. Another GE Capital collection letter sent to Mr. Cowan stated, in part:

> "Due to severe delinquency of your account, it is
> necessary that you call us at once to establish a
> suitable repayment schedule.
>
> Be advised that your nonpayment of this debt is
> being reported on a regular basis to the credit
> reporting agencies, Experian, Equifax, and
> TransUnion."

## GE Capital Instructs a Collections Company to Pressure Mr. Cowan to Pay

35. On or about November 10, 2012, GE Capital hired a collections company, Allied Interstate, LLC to pressure Mr. Cowan to Pay.

36. On or about November 10, 2012, collections company Allied Interstate, LLC sent Mr. Cowan a debt collection letter stating, in part:

> "We are a debt collections company and our
> client, GE Capital Retail Bank, has retained us
> to collect the debt noted above.  This is an
> attempt to collect a debt and any information
> obtained will be used for that purpose."

## GE Capital Unlawfully Reports False & Damaging Information on Mr. Cowan's Credit Report

37. Sometime after GE Capital rejected Mr. Cowan's fraud claim, it then reported the false and damaging information on Mr. Cowan's credit reports.

38. Sometime after the fraudulent GE Capital account was opened, GE Capital falsely reported on Mr. Cowan's credit report that Mr. Cowan was delinquent.

COMPLAINT

39. GE Capital furnished to the Transunion credit reporting agency false and inaccurate credit information that Mr. Cowan was delinquent for, at least, September 2012, October 2012, November 2012, December 2012, January 2013, February 2013, and March 2013.

40. GE Capital furnished to the Equifax Information Services credit reporting agency false and inaccurate credit information that Mr. Cowan was delinquent for, at least, September 2012, October 2012, November 2012, December 2012, January 2013, February 2013, and March 2013. GE Capital also reported the account as a "charge off".

41. GE Capital furnished to Experian credit reporting agency false and inaccurate credit information that Mr. Cowan was delinquent for, at least, October 2012, November 2012, December 2012, January 2013, February 2013, and March 2013 ("written off")

42. Reporting a delinquency on Mr. Cowan's credit report resulted in a negative impact to Mr. Cowan and his credit report.

43. The false and inaccurate information reported on Mr. Cowan's credit report negatively reflects upon Mr. Cowan, his credit repayment history, his financial responsibility as a debtor and his credit worthiness.

**GE Capital Rejects Mr. Cowan's Dispute Letter Including His Police Report**

44. Sometime in March 2013, GE Capital received Mr. Cowan's letter again disputing the fraudulent account, which also included a copy of his police report filed with the city of Campbell indicating that he was a victim of identity theft.

45. On or about March 22, 2013, GE Capital responded to Mr. Cowan's March 2013 letter.

46. On or about March 22, 2013, GE Capital sent Mr. Cowan a letter stating that he was liable for the charges.

47. GE Capital then sold the fraudulent account.

COMPLAINT

7

48. GE Capital made false representations as to the legal status of a debt in connection with the sale, transfer or assignment of a debt to another debt collector, with the knowledge that the purchaser, transferee or assignee intends to initiate or continue attempts to collect the debt.

49. At all relevant times, the conduct of GE Capital was malicious, intentional, willful, reckless, in conscious disregard for the rights of others, and in grossly negligent disregard for federal and state laws and the rights of Mr. Cowan.

## VI. FIRST CLAIM FOR RELIEF – RFDCPA
*Rosenthal Fair Debt Collection Practices Act (Cal. Civil Code 1788 et seq.)*

50. Mr. Cowan repeats and re-alleges, and incorporates by reference all the paragraphs above.

51. Defendants' acts and omissions, and course of conduct, as more fully described above, constitute numerous and multiple violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") et seq., including but not limited to the violations of §§ 1788 et seq., and 1788.17.

52. Defendants violated California Civil Code 1788.17 by engaging in conduct which had the natural consequence to harass, oppress, and abuse Mr. Cowan.

53. Defendants violated California Civil Code § 1788.17 by making false, deceptive and/or misleading representations in an attempt to collect a debt, and taking action they could not legally take.

54. Defendants violated California Civil Code § 1788.17 by engaging in an unfair and unconscionable act in an attempt to collect a debt.

55. Defendants violated California Civil Code §1788.17.

56. As a result of Defendants' violations, Mr. Cowan is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to Cal. Civil Code sections 1788.17 and 1788.30.

COMPLAINT

## VI. SECOND CLAIM FOR RELIEF – CCCRA

*California Consumer Credit Reporting Act (Cal. Civil Code 1785.25 et seq.)*

57. GE Capital's acts and omissions violated California Civil Code section 1785.25 including, but not limited to the below.

58. GE Capital willfully, maliciously, and intentionally furnished the inaccurate information regarding Mr. Cowan to credit reporting agencies it knew or should have known was incomplete and/or inaccurate, in violation of Cal. Civil Code section 1785.25.

59. GE Capital furnished false information to the credit reporting agencies with malice or willful intent to injure Mr. Cowan.

60. Mr. Cowan is entitled to damages to be determined by a trier of fact pursuant to Cal. Civil Code section 1785.31.

61. Mr. Cowan is entitled to attorney's fees and costs pursuant to Cal. Civil Code section 1785.31.

62. Mr. Cowan is entitled to punitive damages (to be determined by a trier of fact) and injunctive relief, pursuant to Cal. Civ. Code section 1785.31, as a result of GE Capital's willful and malicious conduct.

## VII. THIRD CLAIM FOR RELIEF – INTRUSION UPON SECLUSION

63. Mr. Cowan repeats, re-alleges, and re-incorporates by reference all of the paragraphs above as though fully stated herein.

64. U.S. Congress and our state legislature explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Federal Fair Debt Collection Practices Act (which the California Debt Collection Practices Act incorporates), when it stated as part of its findings:

COMPLAINT

9

Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, **to the loss of jobs**, and **to invasions of individual privacy.** 15 U.S.C. § 1692(a) (emphasis added).

65. GE Capital intentionally interfered, physically or otherwise, with the solitude and seclusion of Mr. Cowan, namely, by engaging in unlawful conduct, as noted above.

66. GE Capital intentionally caused harm to Mr. Cowan's emotional well-being by engaging in highly offensive conduct in the course of collecting and falsely reporting this alleged debt, and thereby invading and intruding upon Mr. Cowan's rights to privacy.

67. GE Capital furnished false information to the credit reporting agencies with malice or willful intent to injure Mr. Cowan.

68. Mr. Cowan has a reasonable expectation of privacy in Mr. Cowan's solitude, seclusion, and/or private concerns or affairs.

69. These intrusions and invasions against Mr. Cowan by GE Capital occurred in a way that would be highly offensive to a reasonable person in that position.

70. As a result of such invasions of privacy, Mr. Cowan is entitled to actual damages in an amount to be determined at trial from GE Capital.

71. GE Capital acted in a despicable manner and with a conscious disregard of Mr. Cowan's rights.

72. GE Capital also acted with oppression, fraud, and/or malice, thereby entitling Mr. Cowan to punitive damages in an amount according to proof and a finder of fact at trial.

## VIII. FOURTH CLAIM – NEGLIGENT TRAINING AND SUPERVISION

73. Mr. Cowan incorporates by reference the above paragraphs as though fully stated herein below.

74. GE Capital negligently trained and supervised its employees and agents as to the performance of their job duties. As a result of such negligent instruction and supervision,

COMPLAINT

the employees/agents, while carrying out their job duties, caused injury and damage to Mr. Cowan.

75. GE Capital engaged in unlawful collection practices and furnished false information to credit reporting agencies with malice or willful intent to injure Mr. Cowan.

76. As a direct and proximate result of GE Capital's unlawful conduct, Mr. Cowan has suffered damages in an amount to be determined at trial.

77. GE Capital acted with oppression, and/or malice, thereby entitling Mr. Cowan to punitive damages in an amount to be determined at trial. Defendants acted in a despicable manner and acted with a conscious disregard to the rights of Mr. Cowan.

## IX. FIFTH CLAIM – NEGLIGENCE

78. Mr. Cowan incorporates by reference the above paragraphs as though fully stated herein below.

79. GE Capital's outrageous, abusive and intrusive acts as described herein constituted negligence.

80. GE Capital negligently inflicted emotional distress upon Mr. Cowan.

81. GE Capital breached a duty imposed and failed to exercise ordinary care.

82. GE Capital owed Mr. Cowan a duty to refrain from unlawful debt collections, unlawful telephone conduct, and to refrain from reporting false and inaccurate information on Mr. Cowan's credit report.

83. GE Capital furnished false information to the credit reporting agencies with malice or willful intent to injure Mr. Cowan.

84. GE Capital engaged in unlawful debt collections with malice or willful intent to injure Mr. Cowan.

85. The breach of such duty proximately caused injury to Mr. Cowan.

86. The injury resulted from an occurrence the nature of which these statutes were designed to protect Mr. Cowan from.

87. Mr. Cowan is a member of the class of persons the statutes were designed to protect.

COMPLAINT

11

88. GE Capital's conduct, as described herein, was wrongful conduct in that GE Capital conducted its business in an abusive, oppressive, and harassing manner.

89. As a direct and proximate result of GE Capital's unlawful conduct, Mr. Cowan has suffered damages in an amount to be determined at trial. GE Capital's wrongful conduct as described herein actually and proximately caused Mr. Cowan's harm, as noted above.

90. GE Capital acted with oppression, and/or malice, thereby entitling Mr. Cowan to punitive damages in an amount to be determined at trial. GE Capital acted in a despicable manner and acted with a conscious disregard to the rights of Mr. Cowan.

## X. **PRAYER FOR RELIEF**

WHEREFORE, Mr. Cowan, respectfully prays that judgment be entered against the Defendants for the following:

      A. Statutory damages pursuant to Civil Code sections 1788.30 and 1788.17;

      C. Costs and reasonable attorney's fees pursuant to Civil Code sections 1788.30 1788.17;

      D. Actual damages;

      E. Punitive damages pursuant to Cal. Civil Code 3294;

      F. Punitive damages pursuant to Cal. Civil Code 1785.31 et seq.;

      G. That this Court find and declare that Mr. Cowan is a victim of identity theft with respect to the above mentioned account;

      H. For declaratory, injunctive and other equitable relief; including an order directing GE Capital to cease from any reporting of this fraudulent account or any other inaccurate or incomplete information arising out of this fraud on Mr. Cowan's credit reports.

      I. For such other and further relief as may be just and proper.

COMPLAINT

Respectfully submitted,

_____        6/5/13
Ben Dupre, Counsel for Mr. Cowan      Date

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Mr. Cowan demands trial by jury in this action.

_____        6/5/13
Ben Dupre, Counsel for Mr. Cowan      Date

COMPLAINT

13

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Ben E. Dupre (SBN 231191)
2005 De La Cruz Blvd, Suite 203
Santa Clara, CA 95050
bendupre@gmail.com
TELEPHONE NO.: 408-727-5377   FAX NO.:
ATTORNEY FOR (Name): Plaintiff, John Mark Cowan

**FILED**

JUN -6 2013

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By_____ Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME: Downtown San Jose Superior

CASE NAME:
John Mark Cowan v. GE Capital Retail Bank , Does 1-10

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited    ☐ Limited | ☐ Counter    ☐ Joinder | 113CV247510 |
| (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:   DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☑ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): 5
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 06.05.13

Ben E. Dupre
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE
*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA  95113*

CASE NUMBER: **1 1 3 C V 2 4 7 5 1 0**

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued):  You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within 30 days of the date you were served with the *Summons and Complaint;*
2. You must serve by mail a copy of your written response on the *Plaintiff's attorney* or on the *Plaintiff* if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions,
you may automatically lose this case.**

---

*RULES AND FORMS:*  You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is:  **Honorable Mark H. Pierce** _____ Department: _____ **9**

The 1st CMC is scheduled for: (Completed by Clerk of Court)

Date: **OCT — 1 2013** _____ Time: **1:30 PM** in Department: **9** _____

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

Date: _____ Time: _____ in Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012 REV 7/01/08  |  **CIVIL LAWSUIT NOTICE**  |  Page 1 of 1

# EXHIBIT B

1   Andrew M. Lehmann, Esq.
2   SCHUCKIT & ASSOCIATES, P.C.
    4545 Northwestern Drive
3   Zionsville, IN  46077
    Telephone:  (317) 363-2400
4   Fax:  (317) 363-2257
    E-Mail:  alehmann@schuckitlaw.com
5

6
    Authorized Representative for Defendant,
7   TRANS UNION, LLC

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                      SAN JOSE DIVISION

12

13

14                                        | Case No. _____
15  JOHN MARK COWAN,
                                          | **DEFENDANT TRANS UNION LLC'S**
16          Plaintiff,                    | **CONSENT TO REMOVAL OF ACTION**
                                          | **UNDER 28 U.S.C. § 1441(b)**
17
                                          |
18          v.                            | Santa Clara County Superior Court Case No.:
                                          | 113CV247510
19  GE CAPITAL RETAIL BANK, TRANSUNION
    LLC, DOES 1-10,
20
21          Defendants.
22
23
24

25          Defendant Trans Union, LLC. acknowledges its consent to removal of this action from the

26  Superior Court of California, County of Santa Clara, to the United States District Court for the

27  Northern District of California, San Jose Division.

28

---

Dated: August 23, 2013

*Authorized Representative for Trans Union, LLC.*

Andrew M. Lehmann, Esq.
SCHUCKIT & ASSOCIATES, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  alehmann@schuckitlaw.com

TRANSUNION'S CONSENT TO REMOVAL