1

2  BEN DUPRE, Bar No. 231191
2005 De La Cruz Blvd., Suite 203
3  Santa Clara, CA 95050
Tel: (408) 727-5377
4  Fax: (408) 727-5310
bendupre@gmail.com
5

6  RONALD WILCOX, Bar No. 176601
1900 The Alameda, Suite 530
7  San Jose, CA 95126
Tel: (408) 296-0400
8  Fax: (408) 296-0486
Email: ronaldwilcox@post.harvard.edu
9

10  Counsels for the Plaintiff, John Mark Cowan

11

12          IN THE UNITED STATES DISTRICT COURT

13          FOR THE NORTHERN DISTRICT OF CALIFORNIA

            SAN JOSE DIVISION
14

15  JOHN MARK COWAN,                          )  Case No. 5:13-cv-03935 LHK PSG
                                              )
16          Plaintiff,                        )
                                              )  **NOTICE AND MOTION TO STRIKE**
17      v.                                    )  **AFFIRMATIVE DEFENSES OF GE**
                                              )  **CAPITAL RETAIL BANK'S ANSWER**
18  GE CAPITAL RETAIL BANK,                   )  **TO FIRST AMENDED COMPLAINT**
    TRANSUNION LLC, DOES 1-10                 )
19                                            )
            Defendants.                       )  Date: February 20, 2014
20                                            )  Time: 1:30 PM
                                              )  Hon. Lucy Koh
21                                            )
                                              )
22                                            )  U.S. District Court
                                              )  Northern District of California
23                                            )  San Jose Courthouse, Courtroom 5, Fourth
                                              )  Floor
24                                            )  280 South 1st Street
                                              )  San Jose, CA 95113
25  _____

26

27

28
                                    - 1 -

        **MOTION TO STRIKE GE CAPITAL'S AFFIRMATIVE DEFENSES**

## NOTICE OF MOTION TO STRIKE AFFIRMATIVE DEFENSES

**TO: ALL DEFENDANTS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on February 20, 2014 at 1:30 PM or as soon thereafter as this matter may be heard, in Courtroom 8, 4th Floor of San Jose Courthouse, located at 280 South 1st Street, San Jose, California, 95113, before the Honorable Lucy Koh, United States District Judge, Plaintiff, John Mark Cowan ("Plaintiff"), will move the Court for an Order striking the first through twenty-fifth affirmative defense from Defendant, GE Capital Retail Bank's Answer (ECF Doc. 17).

This motion is made pursuant to Fed. R. Civ. P. 12(f) on the ground that the affirmative defenses are not plead with sufficient particularity to provide Plaintiff with "fair" notice of the defenses being advanced and the pleadings fail to raise the alleged defenses beyond the speculative level.

This motion is based on this Notice of Motion and Motion to Strike Affirmative Defenses filed herewith, and such other evidence, argument, and authorities which may be presented at or prior to the hearing before this Court on this Motion, and such other and further matters of which this Court may take judicial notice.

## MOTION TO STRIKE AFFIRMATIVE DEFENSES

### I. BACKGROUND

Mr. Cowan, an employee of more than twenty (20) years at Abbot Medical Optics and Director of Customer Services, is a victim of identity theft. Someone committed fraud, stole his identity and opened up credit card accounts in his name fraudulently charging thousands of dollars. Flagging the account as a possible identity theft, Defendant GE Capital Retail Bank ("GE") sent Mr. Cowan a letter (after the fraudulent account was opened) informing Mr. Cowan that the account may have been opened fraudulently. Despite this, GE Capital allowed the imposter to fraudulently purchase thousands of dollars in goods, before Mr. Cowan even received GE Capital's letter. In July 2012, after Mr. Cowan discovered the theft of his identity, he immediately notified the police and the creditors where the fraudulent accounts were opened.

- 2 -

**MOTION TO STRIKE GE CAPITAL'S AFFIRMATIVE DEFENSES**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Despite sending multiple correspondence (including an eight page police report), and repeated telephone calls with the fraud department, GE Capital was dismissive towards Mr. Cowan's pleas, rejected them, and treated him like a criminal.  GE Capital told Mr. Cowan he is personally liable, engaged in an abusive and harassing debt collection campaign (including repeated telephone calls to his home in an attempt to collect a debt he informed them he did not owe, despite his requests to cease), sent threatening demand letters in an attempt to collect a debt he informed them he did not owe, hired a collection agency in an attempt to collect a debt he informed them he did not owe, reported false and damaging information on all his credit reports, and then sold the fraudulent account to a third party debt collector.   Already, Mr. Cowan has had to endure this nightmare for approximately one year, and the ordeal continues.

## II. LEGAL PRINCIPLES

• Courts in California have followed the majority of the courts and hold the U.S. Supreme Court's standards in *Twombly* and *Iqbal*[1] apply to the pleading of affirmative defenses. *Ansari v. Electronic Document Processing, Inc*., 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012). Also see Perez v. Gordon & Wong Law Group, P.C., No. 11CV03323 LHK, 2012 WL 1029425, at *8 (N.D. Cal. March 26, 2012)(collecting cases). "This standard 'serve[s] to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims).

• "While a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient." *Ansari v. Electronic Document Processing, Inc*., 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012).

• Specifically, when pleading a "bona fide error" under the Fair Debt Collection Practices Act (15 U.S.C. §1692k), "defendant must plead the circumstances of the mistake with detail, "this means the who, what, when, where, and how: the first paragraph of any newspaper story."" *Lowe v. Diversified Consultants*, 2012 U.S. Dist. LEXIS 123650, 2-3 (N.D. Ill. Aug. 30, 2012).

## III. LEGAL DISCUSSION

---

1 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**MOTION TO STRIKE GE CAPITAL'S AFFIRMATIVE DEFENSES**

It is now well settled, in the Northern District of California, and other courts within the Ninth Circuit, the U.S. Supreme Court's standards in *Twombly* and *Iqbal* apply to the pleading of affirmative defenses. *Ansari v. Electronic Document Processing, Inc*., 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012); *Scott v. Federal Bond and Collection Service, Inc*., 2011 U.S. Dist. LEXIS 5278 (N.D. Cal. 2011).  This is consistent with the majority of the federal courts nationwide. *Racick v. Dominion Law Associates*, 270 F.R.D. 228 (E.D. NC 2010); *Bradshaw v. Hilco Receivables, LLC,* 725 F. Supp. 2d 532, 535-537 (D. MD 2010).  Also see *Perez v. Gordon & Wong Law Group, P.C.,* No. 11CV03323 LHK, 2012 WL 1029425, at \*8 (N.D. Cal. March 26, 2012) (collecting cases).  "This standard 'serve[s] to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims).

And, "While a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient." *Ansari v. Electronic Document Processing, Inc*., 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012).

Courts handling FDCPA matters have struck each of the Defendant's unsupported claims.  For the convenience of the Court, Plaintiff (hereinafter "FAC") will recite each of Defendant's affirmative defenses, along with a citation to a case with the very same unsupported affirmative defense, which was stricken:

### First Affirmative Defense (Insufficient Facts)

GE alleges that the FAC fails to state facts sufficient to constitute a cause of action against it.

This simple identification of one of Defendant's defenses, without any factual support, is insufficient to provide "fair notice."  In addition to being inadequately pled, this is simply not a proper affirmative defense.  *Ansari v Electronic Document Processing, Inc*., 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012); *Polk v. Palisades*, 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013); *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007).

### Second  & Third Affirmative Defense (Unclean Hands)

GE alleges that the FAC, and each and every cause of action contained therein, is barred by the equitable doctrine of unclean hands.

Defendant fails to identify any factual basis for asserting the defenses of unclean hands. *Ansari v Electronic Document Processing, Inc*., 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012); *Scott v. Federal Bond and Collection Service, Inc*., 2011 U.S. Dist. LEXIS 5278 (N.D. Cal. 2011).

- 4 -

**MOTION TO STRIKE GE CAPITAL'S AFFIRMATIVE DEFENSES**

1

**Third Affirmative Defense (Latches)**

2

3

GE alleges that the FAC, and each and every cause of action contained therein, is barred by the equitable doctrine of latches.

4

This statement is insufficient to provide fair notice. Defendant provides no basis for this claim

5

in its answer, and "a reference to a doctrine is insufficient notice. *Ansari v Electronic Document*

6

*Processing, Inc*., 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012); *Polk v. Palisades,* 2013 U.S.

7

Dist. LEXIS 86555 (S.D. Cal. 2013); *Dion v. Fulton, Friedman & Gullace, LLP,* 2012 U.S. Dist. LEXIS 5116 (N.D. Cal. 2012).

8

**Fourth Affirmative Defense (Estoppels and Waiver)**

9

GE alleges that Plaintiff's prior conduct operated as estoppel and waiver of any rights to file

10

this action.

11

A mere reference to a doctrine is insufficient notice; Defendant failed to provide any factual

12

basis. *Polk v. Palisades*, 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013); *Scott v. Federal Bond and Collection Service, Inc.,* 2011 U.S. Dist. LEXIS 5278 (N.D. Cal. 2011).

13

**Fifth Affirmative Defense (Good Faith)**

14

GE alleges that it acted in good faith at all times in its dealings with Plaintiff, and if any of its

15

conduct is found to have been unlawful, which GE expressly denies, such conduct was not willful

16

and would not give rise to liability.

17

A good faith defense fails as a matter of law with regard to the alleged RFDCPA violations

18

because the RFDCPA is essentially a strict liability statute. Moreover, a good faith defense fails as a matter of law with regard to the negligence claim because a plaintiff's claim for negligence may

19

stand irrespective of the defendant's state of mind. Furthermore, Defendant provides no basis for its

20

claims. *Ansari v. Electronic Document Processing, Inc*., 2012 U.S. Dist. LEXIS 128622 (N.D. Cal.

21

2012); *Polk v. Palisades*, 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013); *Scott v. Federal Bond and*

22

*Collection Service, Inc.,* 2011 U.S. Dist. LEXIS 5278 (N.D. Cal. 2011).

**Sixth Affirmative Defense (Good Faith In Effort to Comply with Statutes)**

23

GE alleges that it has, at all material times with respect to Plaintiff, acted in good faith in an

24

effort to comply fully with all relevant state and federal laws.

25

In addition to being inadequately pled, this is not a proper affirmative defense. *Ansari v.*

26

*Electronic Document Processing, Inc.,* 2012 U.S. Dist. LEXIS 5116 (N.D. Cal. 2012).  And to the

27

extent it is some disguised "bona fide error" mistake defense, then it should be stricken as noted in

28

regard to the Seventh Affirmative Defense below.

**MOTION TO STRIKE GE CAPITAL'S AFFIRMATIVE DEFENSES**

1

**Seventh Affirmative Defense (Bona Fide Error)**

2

3

Any alleged acts or omissions of GE that give rise to Plaintiff's claims are the result of an unintentional, bona fide error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

4

5

This statement lacks sufficient details. When pleading a "bona fide error" under the Fair Debt Collection Practices Act (15 U.S.C. §1692k), "defendant must plead the circumstances of the

6

mistake with detail, "this means the who, what, when, where, and how: the first paragraph of any

7

newspaper story." *Lowe v. Diversified Consultants,* 2012 U.S. Dist. LEXIS 123650, 2-3 (N.D. Ill.

8

Aug. 30, 2012).  Defendant's pleading does not meet the U.S. Supreme Court pleading standards of

9

Twombly and Iqbal, and does not state the "who, what, when, where, and how" required when

10

alleging a bona fide error defense under the Fair Debt Collection Practices Act (15 U.S.C.

§1692k(c). *Gandeza v. Brachfeld,* 2013 U.S. Dist. LEXIS 91534 (N.D. Cal. 2013); *Polk v.*

11

*Palisades,* 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013); *Bradshaw v. Hilco Receivables, LLC,*

12

725 F. Supp. 2D 532, (D. MD 2010); *Racick v. Dominios Law Associates,* 270 F.R.D. 228 (W.D.

13

NC 2010).

14

**Eighth Affirmative Defense (Innocent Mistake)**

15

Any alleged acts or omissions of GE that give rise to Plaintiff's claims are the result of innocent mistake.

16

17

Lacks sufficient detail. *Gandeza v. Brachfeld,* 2013 U.S. Dist. LEXIS 91534 (N.D. Cal. 2013); *Polk v. Palisades,* 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013); *Bradshaw v. Hilco*

18

*Receivables, LLC,* 725 F. Supp. 2D 532, (D. MD 2010); *Racick v. Dominios Law Associates,* 270

19

F.R.D. 228 (W.D. NC 2010).  And to the extent it is some disguised "bona fide error" mistake

20

defense, then it should be stricken as noted in regard to the Seventh Affirmative Defense above.

21

Furthermore, a good faith defense fails as a matter of law with regard to the negligence claim

22

because a plaintiff's claim for negligence may stand irrespective of the defendant's state of mind.

23

**Ninth Affirmative Defense (Lack of Standing to Sue)**

GE alleges that the FAC and each purported Claim contained therein were brought without a

24

reasonable cause and without a good faith belief that there was a justiciable controversy under the

25

facts and the law to warrant that filing of the FAC against GE; Plaintiff is therefore responsible for

26

all necessary and reasonable defense by GE, including attorney's fees incurred by GE in connection

27

with this FAC.

28

- 6 -

**MOTION TO STRIKE GE CAPITAL'S AFFIRMATIVE DEFENSES**

1    Other than being inadequately pled, this is not a proper affirmative defense. *Ansari v*

2    *Electronic Document Processing, Inc*., 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012).

3

4    **Tenth Affirmative Defense (Statute of Limitations)**

5    GE alleges that Plaintiff's claims are barred, in whole or in part, by applicable statutes of
limitations.

6    Bare references to "statute of limitations" is insufficient to provide fair notice; insufficient

7    as a matter of law. *Scott v. Federal Bond and Collection Service, Inc*., 2011 U.S. Dist. LEXIS 5278

8    (N.D. Cal. 2011); *Polk v. Palisades*, 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013). *Dion v. Fulton,*

9    *Friedman and Gullace, LLP,* 2012 U.S. Dist. LEXIS 5116 (N.D. Cal. 2012).

10   **Eleventh Affirmative Defense (Failure to Mitigate)**

11   GE alleges that the FAC and each and every cause of action therein are barred because
Plaintiff failed to mitigate damages, and the damages alleged in the FAC resulted, in whole or in

12   part, from the Plaintiff's failure to mitigate his damages.

13   Defendants provide no basis for this claim in its answer. *Ansari v Electronic Document*

14   *Processing, Inc*., 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012); *Polk v. Palisades*, 2013 U.S.

15   Dist. LEXIS 86555 (S.D. Cal. 2013); *Gandeza v. Brachfeld,* 2013 U.S. Dist. LEXIS 91534 (N.D.

16   Cal. 2013).

17   **Twelfth Affirmative Defense (Damages Limitations)**

18   Plaintiff did not exercise ordinary care, caution and prudence in connection with the
transactions and events alleged in the FAC, and Plaintiff is therefore barred entirely from recovery

19   against GE; alternatively, Plaintiff should have his recovery, if any proportionately reduced.

20   This is not an affirmative defense. Defendant therefore need not plead this limitation in its

21   answers. *Ansari v Electronic Document Processing, Inc*., 2012 U.S. Dist. LEXIS 128622 (N.D. Cal.

22   2012); *Polk v. Palisades*, 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013).

23   **Thirteenth Affirmative Defense (Plaintiff's Bad Faith)**

24   If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly
and proximately caused and contributed to by the breach, conduct, acts, omissions, activities,

25   carelessness, recklessness, and/or negligence, and/or intentional misconduct of Plaintiff, and not by

26   GE.

27

28

- 7 -

**MOTION TO STRIKE GE CAPITAL'S AFFIRMATIVE DEFENSES**

1     Defendants provide no basis for this claim in its answer. *Ansari v Electronic Document*

2  *Processing, Inc*., 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012); *Polk v. Palisades*, 2013 U.S.

3  Dist. LEXIS 86555 (S.D. Cal. 2013).

4

**Fourteenth Affirmative Defense (Negligence of Third Parties)**

5         If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly

6  and proximately caused and contributed to by the breach, conduct, acts, omissions, activities,

7  carelessness, recklessness, negligence, and/or intentional misconduct of third parties, and not by

8  GE.

9         Defendant fails to give Plaintiff any indication as to who the "third parties" referred to are,

10  their relationship to them, or how they lacked control over them. *Ansari v Electronic Document*

11  *Processing, Inc*., 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012); *Polk v. Palisades*, 2013 U.S.

    Dist. LEXIS 86555 (S.D. Cal. 2013).

12  **Fifteenth Affirmative Defense (Did Not Cause Damage)**

13         GE has committed no act or omission causing damage to Plaintiff.

14         Defendant provides no basis for its claims. . *Ansari v Electronic Document Processing, Inc*.,

15  2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012);*Scott v. Federal Bond and Collection Service,*

16  *Inc*., 2011 U.S. Dist. LEXIS 5278 (N.D. Cal. 2011); *Polk v. Palisades*, 2013 U.S. Dist. LEXIS

17  86555 (S.D. Cal. 2013).

18         Furthermore, this defense fails as a matter of law with regard to the alleged RFDCPA

19  violation because the RFDCPA is essentially a strict liability statute that does not require actual

    damages

20  **Sixteenth Affirmative Defense (Speculative Damages)**

21         The damages claimed by Plaintiff in the FAC are speculative.

22         This is not an affirmative defense.

23         Furthermore, as a matter of law, Plaintiff's claim under the RFDCPA, and the other related

24  statutes, is limited to the damages allowed by statutes. Defendant therefore need not plead this

25  limitation in its answers. *Polk v. Palisades*, 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013).

    Furthermore, a mere reference to a doctrine is insufficient notice. *Polk v. Palisades*, 2013 U.S. Dist.

26  LEXIS 86555 (S.D. Cal. 2013).

27

28

**MOTION TO STRIKE GE CAPITAL'S AFFIRMATIVE DEFENSES**

1

**Seventeenth Affirmative Defense (Offsetting of Claims)**

2

GE is entitled to an offset to the claims set forth in the FAC sufficient to diminish or defeat

3

Plaintiff's recovery thereunder.  GE's offset includes, but is not limited to, various expenditures and

4

Plaintiff's debt to GE.

5

Plaintiff's claim is centered on the fact he was a victim of identity theft and does not owe any

6

money to Defendant, thus an offset to the amount of debt would be improper.  Furthermore,

Defendant's pleading fails to give Plaintiff any indication regarding the conduct supporting the

7

defense. *Ansari v Electronic Document Processing, Inc*., 2012 U.S. Dist. LEXIS 128622 (N.D. Cal.

8

2012); *Polk v. Palisades*, 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013).

9

10

**Eighteenth Affirmative Defense (No Agency)**

11

GE alleges that it is not legally responsible for the acts and/or omissions of any named or

unnamed cross-defendants, or of any cross-defendants named in this litigation as DOES or ROES.

12

Defendant fails to give Plaintiff any indication as to who "named and unnamed cross

13

defendants, or of any cross-defendants named in this litigation as DOES or ROES" referred to are,

14

their relationship to them, or how they lacked control over them. . *Ansari v Electronic Document*

15

*Processing, Inc*., 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012); *Polk v. Palisades*, 2013 U.S.

16

Dist. LEXIS 86555 (S.D. Cal. 2013).

**Nineteenth Affirmative Defense (Failure to State a Claim - Uncertainty)**

17

Plaintiff's claims fail for uncertainty.

18

The simple identification of one of Defendant's defenses, without any factual support, is

19

insufficient to provide "fair notice." In addition to being inadequately pled, this is simply not a

20

proper affirmative defense. *Ansari v Electronic Document Processing, Inc*., 2012 U.S. Dist. LEXIS

21

128622 (N.D. Cal. 2012); *Polk v. Palisades*, 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013);

22

*Boldstar Tech., LLC v. Home Depot, Inc.,* 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007).

**Twentieth Affirmative Defense (No Legal Duty)**

23

Plaintiff's claims against GE are without merit in that there is no legal duty that would have

24

required GE to conduct itself differently than it did.

25

Defendant provides no basis for this claim in its answers. *Ansari v Electronic Document*

26

*Processing, Inc*., 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012); *Polk v. Palisades*, 2013 U.S.

27

Dist. LEXIS 86555 (S.D. Cal. 2013); *Gandeza v. Brachfeld,* 2013 U.S. Dist. LEXIS 91534 (N.D.

28

Cal. 2013).

- 9 -

**MOTION TO STRIKE GE CAPITAL'S AFFIRMATIVE DEFENSES**

**Twenty-First Affirmative Defense (Justification/Privilege)**

GE was justified and privileged in taking the actions alleged in the FAC.

Defendant provides no basis for these claims in its answers, and a mere reference to a doctrine is insufficient notice. . *Ansari v Electronic Document Processing, Inc*., 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012); *Polk v. Palisades*, 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013).

**Twenty-Second Affirmative Defense (No Substantial Factor/No Proximate Cause)**

GE's acts were not a substantial factor leading to Plaintiff's alleged damages, and GE's acts were not the proximate cause of Plaintiff's alleged damages.

Defendant fails to provide any underlying factual bases. *Ansari v Electronic Document Processing, Inc*., 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. 2012).

**Twenty-Third Affirmative Defense (Failure to Exhaust Contractual/Administrative Remedies)**

Plaintiff has failed to exhaust the contractual and/or administrative remedies available to them.

In addition to being inadequately pled, this is not a proper affirmative defense. *Ansari v. Electronic Document Processing, Inc.,* 2012 U.S. Dist. LEXIS 5116 (N.D. Cal. 2012

**Twenty-Fourth Affirmative Defense (Services Were Supplied in a Legally Enforceable Agreement)**

GE alleges that if the services described in the FAC were supplied, they were supplied in accordance with a legally-enforceable agreement, and were supplied in accordance with any and all applicable laws.

Defendant's pleading fails to give Plaintiff any indication regarding the conduct supporting the defense. *Polk v. Palisades*, 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013).

**Twenty-Fifth Affirmative Defense (Reservation of Further Defenses)**

GE has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available to it. GE therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that such defenses may be appropriate.

The mere "reserves the right to assert additional affirmative defenses" is not an affirmative defense. Furthermore, Defendant cannot provide an enumerated or unenumerated laundry list of

- 10 -

**MOTION TO STRIKE GE CAPITAL'S AFFIRMATIVE DEFENSES**

affirmative defenses. *Ansari v. Electronic Document Processing, Inc.,* 2012 U.S. Dist. LEXIS 5116

(N.D. Cal. 2012). *Polk v. Palisades*, 2013 U.S. Dist. LEXIS 86555 (S.D. Cal. 2013).

## IV.  CONCLUSION

The affirmative defenses do not provide any factual support of who did what, when, etc.

Furthermore, some are not even affirmative defenses at all.  Thus, Defendant's affirmative defenses

must be stricken.

Date: 9/19/13

Respectfully,

/s/Ronald Wilcox
Ronald Wilcox
Attorney for Plaintiff

- 11 -

**MOTION TO STRIKE GE CAPITAL'S AFFIRMATIVE DEFENSES**