Daniel J. O'Rielly  (State Bar No. 214846)
Anne M. Hunter     (State Bar No. 221455)
**O'RIELLY & ROCHE LLP**
4 Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone:  (415) 952-3002
Facsimile:   (415) 520-9394

Attorneys for Defendant
SYNCHRONY BANK
formerly known as
GE CAPITAL RETAIL BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN MARK COWAN,<br><br>                    Plaintiff,<br><br>         v.<br><br>GE CAPITAL RETAIL BANK, TRANSUNION LLC, DOES 1-10,<br><br>                    Defendants. | Case No. 13-CV-03935-PSG-LHK<br><br>**DECLARATION OF DANIEL J. O'RIELLY IN SUPPORT OF DEFENDANT SYNCHRONY BANK'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL WRITTEN DISCOVERY**<br><br>Date:  August 5, 2014<br>Time: 10:00 a.m.<br>The Honorable Paul S. Grewal |

I, DANIEL J. O'RIELLY, declare as follows:

1.  I am an attorney at law licensed to practice before this Court and am a partner with the law firm of O'Rielly & Roche LLP ("O'Rielly"), attorneys for Defendant Synchrony Bank (formerly known as GE Capital Retail Bank) (hereinafter, "Synchrony").  I have personal knowledge of the facts stated herein and if called as a witness, will be able to testify competently to such facts, except as to those alleged on information and belief, and as to those facts, I believe them to be true.

2. I make this declaration in support of Synchrony's opposition to Plaintiff's motion to compel written discovery.

3. On December 16, 2013, Plaintiff Cowan served "Special Interrogatories and Requests for Production of Documents, and Requests for Admissions" on Synchrony. Attached hereto as **Exhibit A** is a true and correct copy of those discovery requests.

4. On December 20, 2013, in compliance with Rule 26 of the Federal Rules of Civil Procedure, Synchrony produced 66 pages of documents (Bates labeled GECRB 00001-00066) to Plaintiff with its initial disclosures.

5. On January 28, 2014, Synchrony served responses to Plaintiff's written discovery requests. Attached hereto as **Exhibit B** is a true and correct copy of Synchrony's January 28, 2014 discovery responses.

6. On February 17, 2014, Plaintiff's counsel sent me a meet-and-confer letter detailing various concerns about Synchrony's discovery responses and demanding that Synchrony serve supplemental responses and additional documents. Attached hereto as **Exhibit C** is a true and correct copy of Plaintiff's February 2014 meet and confer letter.

7. On March 5, 2014, I met and conferred by telephone with Plaintiff's counsel about Plaintiff's discovery concerns.

8. On March 12, 2014, I sent Plaintiff's counsel a detailed meet and confer letter addressing the disputes raised in Plaintiff's February letter, reiterating Synchrony's objections to some requests, and indicating Synchrony's intent to provide supplemental responses and produce additional documents in response to others. Attached hereto as **Exhibit D** is a true and correct copy of the March 12, 2014 meet and confer letter.

9. On April 23, 2014, Synchrony served supplemental responses and produced ten additional pages of documents. Attached hereto as **Exhibit E** is a true and correct copy of Synchrony's April 23rd supplemental discovery responses.

10. For nearly two months thereafter, our office heard nothing from Plaintiff's counsel regarding any deficiencies with Synchrony's supplemental discovery responses and assumed, with good reason, that Synchrony's supplemental discovery responses had resolved Plaintiff's concerns.

Indeed, the only communication between counsel regarding Synchrony's supplemental document production between April 23, 2014 and June 17, 2014, came from me: on June 4, 2014, in the midst of an email discussion with Plaintiff's counsel regarding deposition scheduling, I voluntarily mentioned that Synchrony is continuing to review its policies and procedures documents responsive to Plaintiff's document requests and would have its review completed shortly. Attached hereto as **Exhibit F** is a true and correct copy of my June 4, 2014 email to Plaintiff's counsel.

11. On June 17, 2014, out of the blue, Plaintiff's counsel sent me an email saying, simply, that "despite . . . meet and confer efforts," Plaintiff has not yet received "basic, fundamental discovery," and threatening a motion to compel. Attached hereto as **Exhibit G** is a true and correct copy of Plaintiff's counsel's June 17, 2014 email to me.

12. I responded to Plaintiff's counsel's email on June 19th, noting that the June 17th email did not "identify the specific outstanding discovery issues, or what would be the basis for any motion to compel." I proposed a telephone call to discuss any discovery issues Plaintiff was now raising and indicated that Synchrony would supplement its discovery responses within a few days. Attached hereto as **Exhibit H** is a true and correct copy of my June 19, 2014 email to Plaintiff's counsel.

13. On June 20, 2014, Plaintiff's counsel and I met and conferred by telephone.

14. On June 23, 2014, I sent Plaintiff's counsel a follow-up email confirming, based on the June 20th call, that Synchrony would provide meaningful further supplemental responses forthwith. Attached hereto as **Exhibit I** is a true and correct copy of my June 23, 2014 email to Plaintiff's counsel.

15. Plaintiff's counsel did not respond to my June 23rd email. On June 25, 2014, having received nothing in writing from Plaintiff's counsel detailing the list of outstanding discovery issues, I drafted a written list myself based on the June 20th call with Plaintiff's counsel. I emailed the list to Plaintiff's counsel, indicating again that "Synchrony's goal is to produce all discovery to which plaintiff is entitled without involving the Court." Attached hereto as **Exhibit J** is a true and correct copy of my June 25, 2014 email to Plaintiff's counsel.

16. On June 27, 2014, Plaintiff's counsel emailed a response, but rather than confirm the list of issues, Plaintiff's counsel's response merely referenced, and reattached, the February 17th meet

1  and confer letter.  Attached hereto as **Exhibit K** is a true and correct copy of Plaintiff's counsel's June
2  27, 2014 email to me.

3        17.  On June 30, 2014, I sent an email to Plaintiff's counsel.  Attached hereto as **Exhibit L**
4  is a true and correct copy of my June 30, 2014 email to Plaintiff's counsel.

5        18.  The next day, July 1, 2014, Plaintiff filed a motion to compel written discovery.

6        19.  Synchrony will serve, forthwith, Second Supplemental Responses to Plaintiff's Request
7  for Documents, Set One, and Second Supplemental Responses to Plaintiff's Special Interrogatories,
8  Set One, and will concurrently produce additional responsive documents.  As a show of good faith,
9  and despite the fact that this financial reporting document is publicly available, Synchrony is printing
10  its annual financial reporting report from its website and will be producing it to Plaintiff forthwith.

11        20.  Synchrony's forthcoming supplemental responses and document production will
12  address the lion's share of Plaintiff's concerns with Synchrony's prior discovery responses.

14  I declare under penalty of perjury under the laws of the United States of America that the
15  foregoing is true and correct and that this Declaration was executed this 15th day of July 2014 at Santa
16  Ana, California.

                                        /s/ Daniel J. O'Rielly
                                        Daniel J. O'Rielly