UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN MARK COWAN,<br><br>Plaintiff,<br><br>v.<br><br>GE CAPITAL RETAIL BANK,<br><br>Defendant. | Case No. 13-cv-03935-BLF<br><br>**ORDER GRANTING IN PART DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL; INSTRUCTIONS TO PARTIES**<br><br>[Re: ECF 132] |

Defendant Synchrony Bank ("Defendant"), formerly known as GE Capital Retail Bank, seeks to seal a number of documents in connection with its motion for summary judgment in this lawsuit brought under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681. Pl.'s Admin. Mot., ECF 132. For the reasons stated herein, Defendant's administrative motion to file under seal is GRANTED IN PART and DENIED IN PART, and the parties are ordered to meet and confer regarding compliance with this order.

I.  **LEGAL STANDARD**

"Unless a particular court record is one 'traditionally kept secret,'" a "strong presumption in favor of access" to judicial records "is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal judicial records relating to a dispositive motion therefore bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. This standard is invoked "even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1179 (citing *Foltz*, 331 F.3d at 1136). Compelling reasons for sealing court files

generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

Furthermore, in this District, parties seeking to seal judicial records must also follow Civil L.R. 79-5, which requires, *inter alia*, that a sealing request be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). Where the submitting party seeks to file under seal a document designated confidential by another party (the "designating party"), the burden of articulating compelling reasons for sealing is placed on the designating party. *Id.* 79-5(e).

## II. DISCUSSION

Defendant's sealing motion can be divided into four categories of documents: (1) documents that plaintiff John Mark Cowan ("Plaintiff") designated as confidential pursuant to the protective order entered in this action; (2) documents that Defendant designated as confidential because they contain Plaintiff's personal information; (3) Defendant's confidential trade secret documents; and (4) Defendant's confidential evaluations for its employees. Defendant also seeks to redact portions of its motion briefing that reflect information from these documents sought to be sealed. The Court addresses each of these categories in turn.

### A. Plaintiff's Confidential Documents

Defendant's Exhibits A, B, E, G, T, CC, DD, EE, and HH were designated confidential by Plaintiff, and Plaintiff accordingly bears the burden under Civil Local Rule 79-5(e) to set forth compelling reasons to seal such documents. Plaintiff filed an unorthodox "response" to Defendant's sealing motion, which appears to largely oppose sealing the vast majority of documents that Defendant seeks to seal. *See* Pl.'s Response, ECF 133. To the extent Plaintiff's response can be construed as a declaration in support of sealing—as required by Civil Local Rule 79-5(e)(1) and 79-5(d)(1)(A)—he sets forth no compelling reasons establishing that all of the designated material is sealable. In fact, he equivocates on this point, stating for most of the

documents: "unsure if all of the sections are entitled to being sealed, but will not oppose motion since the document shows Plaintiff's private and personal financial information." Pl.'s Response 2-4 (regarding redactions to motion briefing and Exhibits A, B, T, U, AA, CC, DD, EE, HH). Because Plaintiff offers no compelling reasons in support of sealing, and because sealing the entirety of each of these exhibits is not narrowly tailored to sealing only the sealable information, the Court DENIES Defendant's request to seal Exhibits A, B, E, T, CC, DD, EE, and HH.

The Court acknowledges that some of these documents, such as Exhibit T, may contain sealable information such as Plaintiff's credit card or account numbers. In fact, Plaintiff has requested that Exhibit G, a copy of his credit card, be redacted rather than sealed in its entirety. *Id.* at 2. Defendant's sealing request is therefore GRANTED IN PART with respect to Exhibit G, and any other exhibit that contains Plaintiff's credit card or account numbers. As directed below, the parties shall meet and confer to identify the sealable portions of each such exhibit. As to Exhibit G, Defendant shall redact the credit card number and file the redacted version of the exhibit into the public record **by no later than April 3, 2015.**

### B. Defendant's Confidential Documents that Contain Plaintiff's Information

Defendant's Exhibits H, J, K, M, N, Q, R, S, U, V, W, X, and AA contain Plaintiff's personal and account information, and Defendant designated these documents confidential "as it would any document containing a customer's personal and/or financial information and/or relating to a customer account, to protect Mr. Cowan's privacy." Def.'s Admin. Mot. 2-4. This generic statement, while admirable in its broad regard for Plaintiff's privacy, is not sufficiently specific to demonstrate compelling reasons that outweigh the presumption in favor of public access. For example, it is not clear why Exhibit M, a *blank* fraud questionnaire that Defendant sent to Plaintiff, must be sealed to protect Plaintiff's privacy. *See id.* at 2. Moreover, Plaintiff opposes the sealing of a number of these documents, indicating that he does not believe there is any private information to protect. *See* Pl.'s Response 2-4. As such, Defendant's sealing request is DENIED with respect to Exhibits H, J, K, M, N, Q, R, S, U, V, W, X, and AA, insofar as Defendant seeks to seal each document in its entirety.

As discussed above, the Court acknowledges that some of these documents, such as

3

1  Exhibits H and K, may contain sealable information such as Plaintiff's credit card or account
2  numbers. Defendant's sealing request is therefore GRANTED IN PART with respect to any such
3  exhibits, and the parties shall meet and confer to identify the sealable portions thereof.

### C. Defendant's Trade Secret Documents

Defendant avers that Exhibits KK and LL contain its "confidential trade secrets." Declaration of Anne M. Hunter ¶ 10(w)-(x), ECF 132-2. Exhibit KK is Defendant's Fraud Procedures document and Exhibit LL is its Risk Procedures document. *Id.* Defendant argues that these documents "contain confidential and commercially sensitive information about strategies and policies and procedures," the public disclosure of which "would cause Synchrony harm by giving third parties insights into confidential and sensitive aspects of Synchrony's strategies and business operations. Def.'s Admin. Mot. 9. Plaintiff opposes sealing these documents, citing *Howard v. Stellar Recovery, Inc.*, No. 12-CV-01207-RPM-BNB, 2013 WL 607826 (D. Colo. Feb. 19, 2013), for the proposition that "Courts have denied to seal a debt collector's form letters, procedures manuals, training given to employees, collection note codes and computer print screens/account notes." Pl.'s Response 4.

Unlike the debt collection practices manual and handbook at issue in *Howard* that were "well known generally, and certainly well known within the debt collection industry," 2013 WL 607826, at *3, review of Defendant's Exhibits KK and LL indicates that they describe internal procedures for addressing cardholder fraud notifications, as well as risk management and legal compliance in investigating fraud. Defendant avers that these documents are confidential trade secrets, and there is no evidence before the Court to suggest otherwise. The Court therefore finds that Defendant has sufficiently demonstrated compelling reasons in support of sealing its confidential strategies and policies and procedures. Defendant's sealing request is accordingly GRANTED with respect to Exhibits KK and LL.

### D. Defendant's Employee Evaluations

Defendant's Exhibits NN and OO are evaluations of two of its employees—Rachel Barker and Richard Glick. Hunter Decl. ¶ 10(y)-(z). Defendant contends that these documents are "highly sensitive personnel documents" concerning non-party employees and that, as such, they

4

should remain confidential. Def.'s Admin. Mot. 8. Plaintiff opposes sealing these documents, citing again to *Howard* for the proposition that "Courts have denied to seal a debt collector's form letters, procedures manuals, training given to employees, collection note codes and computer print screens/account notes." Pl.'s Response 4. Recognizing that *Howard* is inapposite because it does not address the sealing of employee evaluations, Plaintiff also cites to *Fausto v. Credigy Services*, 251 F.R.D. 427 (N.D. Cal. 2008), arguing that "Courts have also ordered the production of personnel files without any mention of sealing." Pl.'s Response 4. *Fausto* is likewise inapposite because it concerned the production of personnel records for individual named defendants, a production that the parties actually agreed to without court intervention. *Fausto*, 251 F.R.D. at 430 ("[the] parties have met and conferred and Credigy has agreed to produce personnel files for each of the individual defendants"). Here, the Court finds persuasive Defendant's argument that compelling reasons favor sealing the confidential evaluations of employees that are *not* party to this litigation. *See* Def.'s Admin. Mot. 8. As such, Defendant's sealing request is GRANTED with respect to Exhibits NN and OO.

### E. Redactions to Defendant's Memorandum of Points and Authorities

Defendant's request to seal portions of its summary judgment motion brief is GRANTED IN PART with respect to redactions that pertain to Exhibits KK, LL, NN, and OO, which are to be filed under seal. The request is DENIED IN PART to the extent the redactions pertain to any other documents, subject to the Court's instructions below.

## III. ORDER

For the foregoing reasons, Defendant's administrative motion to file under seal is GRANTED with respect to Exhibits KK, LL, NN, and OO, and GRANTED IN PART with respect to Exhibit G, and with respect to any exhibit that contains Plaintiff's credit card or account numbers. The motion is DENIED with respect to the remaining exhibits.

Out of an abundance of caution, the parties are ordered to meet and confer regarding both the proposed redactions for the exhibits that may be partially sealed to protect Plaintiff's credit card or account numbers and the exhibits for which the Court has denied sealing. Because all of these documents were either designated confidential by Plaintiff or contain his personal

information, Plaintiff shall identify any document, or portions thereof (including portions of Defendant's summary judgment motion memorandum), that he contends should be sealed or redacted. To the extent the parties, after meeting and conferring, agree that any document or portion thereof should be sealed, they must make a renewed request to the Court. The request shall set forth in table format each document or portion thereof that is sought to be sealed and the compelling reasons in support of sealing that document or portion thereof. Any renewed sealing request must be made **by no later than April 3, 2015.**

**IT IS SO ORDERED.**

Dated: March 24, 2015

_____
BETH LABSON FREEMAN
United States District Judge